*337 OPINION OF THE COURT
Per Curiam.
Petitioner is an attorney-at-law admitted to the New York State Bar in 1956. He is presently under a 1978 order of the Appellate Division, Second Department, indefinitely suspending him from practice because of mental disability (see, 22 NYCRR 691.13 [a]). The suspension followed petitioner’s acquittal of criminal charges by reason of mental disease or defect. Following the verdict, the court declared petitioner incompetent and remanded him to the custody of the Commissioner of Mental Hygiene pursuant to CPL 330.20. After he had been confined two years in mental health facilities, the Supreme Court directed petitioner’s discharge on the condition that he receive out-patient psychotherapy and abide by the prescribed treatment.
In November of 1985 petitioner sought reinstatement and in support of his petition he submitted affidavits of seven individuals detailing his commendable efforts at recovery and readjustment. The Appellate Division denied petitioner’s application, without hearing or opinion. We affirmed, holding that the Appellate Division did not abuse its discretion in view of the fact that petitioner was still receiving court-ordered psychiatric care and the affidavit of his own psychiatrist was not sufficient to raise an issue of fact in support of his mental fitness to practice law (69 NY2d 757).
In February 1988 Supreme Court unconditionally discharged petitioner from mandated psychiatric care and the following May he moved again for reinstatement. Counsel to the Grievance Committee recommended denial of the application because petitioner had failed to establish prima facie that the cause for suspension, his mental disability, had been removed. On December 15, 1988, the Appellate Division denied this second application without a hearing and without written decision. We granted leave to appeal and now reverse.
The rules of the Appellate Division, Second Department, relating to suspension for medical disability provide: "Reinstatement upon termination of disability. (1) Any attorney suspended under the provisions of this section shall be entitled to apply for reinstatement at such intervals as this court may direct in the order of suspension or any modification thereof. Such application shall be granted by this court upon a showing by clear and convincing evidence that the attorney’s disability has been removed and he is fit to resume the *338 practice of law. Upon such application, this court may take or direct such action as it deems necessary or proper for a determination as to whether the attorney’s disability has been removed, including the direction of an examination of the attorney by such qualified medical experts as this court shall designate.” (22 NYCRR 691.13 [e] [1].) The burden of proof in a proceeding seeking an order terminating suspension rests with the suspended attorney (22 NYCRR 691.13 [f]).
Petitioner’s showing includes evidence that he was unconditionally discharged from all court-ordered psychiatric care on February 16, 1988 and affidavits by three doctors, his personal psychiatrist, the executive director of the New York State Office of Mental Health and the psychiatrist retained by the District Attorney in the 1988 proceeding that discharged petitioner from court-ordered psychiatric care, all stating that petitioner no longer suffers from mental illness. The affidavit of his personal psychiatrist also states that "he is psychologically fit to resume the practice of law.”
It is settled that a State cannot exclude a first time applicant from the practice of law in a manner that contravenes due process. When the criteria for admission have been met, an application should not be rejected upon charges of unfitness without an opportunity by notice for a hearing and an answer (Willner v Committee on Character (373 US 96, 102-103). In contrast, an attorney once admitted but subsequently disbarred for professional misconduct or commission of a felony cannot claim a similar right to reinstatement. The disbarred attorney has been granted the right to practice law but has been proven unfit because of some violation of the public trust. He or she has no right to a hearing on reinstatement, therefore, and approval or denial of the application is a matter wholly within the discretion of the Appellate Division.
An attorney suspended because of mental disability does not fit within either of these categories. The suspension is not a punishment or sanction; it is a necessary precaution taken by the court to protect the public and further its confidence in and reliance upon the integrity and responsibility of the legal profession. In addition, unlike a disbarred attorney, an attorney suspended because of medical disability retains a protected property interest in his license during the period of suspension.
Inasmuch as petitioner was suspended because of his disability and his application for reinstatement presents prima facie *339 proof, by clear and convincing evidence, that the disability has been removed, due process requires a hearing to resolve that question of fact, and to enable the court to determine on the whole record whether he is fit to practice law.
Accordingly, the order of the Appellate Division should be reversed and the matter remitted for further proceedings in accordance with this opinion.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Titone taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, without costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.