In the Matter of ROBERT T. ROWE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 15, 1992

APPEARANCES OF COUNSEL

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

*William M. Brooks* for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with eight allegations of professional misconduct. The Special Referee sustained all eight charges. The petitioner moves to confirm the report of the Special Referee and to deny reinstatement. The respondent cross-moves to be reinstated, to disaffirm the Special Referees findings, and to impose no further discipline beyond censure.

The first four charges of the petition relate to the respondent's killing of his wife, his two sons and his adopted daughter on February 28, 1978, by beating them about the head with a baseball bat.

Charge Five recites that by judgment of the Supreme Court, Kings County (Barshay, J.), dated June 28, 1978, the respondent was committed to the custody of the New York State Department of Mental Hygiene upon his acquittal of the four counts of murder in the second degree under Kings County indictment No. 538/78. By order of this court dated October 27, 1978, the respondent was suspended from the practice of

law pursuant to 22 NYCRR 691.13 (a) based upon his involuntary commitment. Charge Five alleges that the respondent failed to file an affidavit of compliance with this court pursuant to 22 NYCRR 691.10 (f) following his suspension.

Charge Six emanates from the respondent's escape, on October 30, 1979, from the Creedmore Psychiatric Center in Queens County, where he was confined to in-patient treatment and custody. The respondent was arrested on or about November 15, 1979, and charged with the class D felony of escape in the first degree in violation of Penal Law § 205.15. He ultimately entered a plea of guilty to escape in the third degree (Penal Law § 205.05), a class A misdemeanor, and was sentenced on December 13, 1979, to a one-year period of conditional discharge with a directive to return to Creedmore.

Charge Seven alleges that the respondent failed to file the record of his criminal conviction with this court as required by Judiciary Law § 90 (4) (c).

Charge Eight alleges that the respondent violated this court's order of suspension by writing an article entitled *The Right to Refuse Treatment: Therapeutic Orgy or Rotting With Your Rights On?*, which was published in The Journal of Urban Psychiatry. The author identified himself as Robert T. Rowe, J.D. In the article, the respondent purportedly offered advice to readers on the significance and effect of court decisions concerning the legal rights of psychiatric patients who refuse treatment.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining all eight charges of misconduct. The respondent is guilty of the misconduct outlined above. The petitioner's motion to confirm the report of the Special Referee and to deny reinstatement is granted and the respondent's cross motion to be reinstated, to disaffirm the Special Referee's findings, and to impose no further discipline beyond censure is denied in its entirety.

In determining the appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee and to deny reinstatement is granted and

the respondent's cross motion to be reinstated, to disaffirm the Special Referee's findings and to impose no further discipline beyond censure is denied in its entirety; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Robert T. Rowe is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent Robert T. Rowe is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.