■ In the Matter of ROBERT T. ROWE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner. [595 NYS2d 499] —Disciplinary proceeding instituted by the Grievance Committee for the Second and Eleventh Judicial Districts. The respondent was admitted to the Bar on December 19, 1956, at a term of the Appellate Division in the Second Judicial Department. By decision and order of this Court dated October 27, 1978, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.13 (a), until the further order of this Court, following his acquittal on criminal charges of murdering his family by reason of mental disease or defect. By decision and order of this Court dated February 28, 1986 [117 AD2d 832], the respondent's first application for reinstatement was denied. That order was affirmed by the Court of Appeals (Matter of Rowe, 69 NY2d 757). By decision and order of this Court dated October 7, 1988, the respondent's second application for reinstatement was denied. The Court of Appeals, by order dated April 6, 1989, reversed that order and remitted the matter to this Court for a due process hearing on the question of whether the respondent's disability has been removed and whether he is fit to practice law (Matter of Rowe, 73 NY2d 336). Thereafter, by decision and order of this Court dated October 16, 1989, the Grievance Committee was authorized to

institute and prosecute a disciplinary proceeding against the respondent and the Special Referee who was to be appointed was directed to address the issue of the respondent's present fitness to practice law. By decision and order of this Court dated December 28, 1990, this matter was referred to the Hon. Moses M. Weinstein, a former Associate Justice of this Court, as Special Referee to hear and report and the respondent's motion to dismiss Charges One through Six and Charge Eight of the petition was denied. The petitioner Grievance Committee moved to confirm the report of the Special Referee, which sustained the eight charges of professional misconduct alleged against the respondent, to deny the respondent's application for reinstatement, and to impose appropriate discipline. The respondent cross-moved for reinstatement on the ground that he is fit to resume the practice of law and for an order disaffirming the findings of the Special Referee and imposing no further discipline beyond censure. By opinion and order of this Court dated January 15, 1992 [174 AD2d 159], the petitioner's motion was granted, the respondent's cross motion was denied, the respondent was disbarred, and his name was stricken from the roll of attorneys. By order of the Court of Appeals dated November 18, 1992 [80 NY2d 336], (1) the order dated January 15, 1992, was modified by (a) denying the petitioner's motion to confirm so much of the Special Referee's report as sustained the eighth charge of professional misconduct, and (b) granting the respondent's motion to disaffirm so much of the Special Referee's report as sustained the eighth charge of professional misconduct; and (2) the matter was remitted to this Court for reconsideration of the discipline to be imposed.

Upon remittitur, it is

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Robert T. Rowe is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the application by the respondent's counsel to hold in abeyance this Court's determination on remittitur pending determination of a petition for a writ of certiorari to the Supreme Court of the United States is denied; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90 the respondent Robert T. Rowe is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.

Upon review of the remaining seven charges of professional misconduct purusant to the Court of Appeals directive that the issue of discipline be reconsidered, we reaffirm our original determination and disbar the respondent from the practice of law. The Court of Appeal's modification of this Court's order of January 15, 1992, by deleting the final charge of the petition, which alleged a technical violation of this Court's order of suspension, dated October 27, 1978, does not warrant the imposition of a less stringent sanction.

Reinstatement of the respondent to the practice of law would clearly undermine public confidence and trust in the Bar and have an adverse impact upon the public's perception of the integrity of the legal profession in view of his actions in bludgeoning his wife and three minor children to death, his conviction of the crime of escape in the first degree while suspended, his failure to file an affidavit of compliance with the terms of his suspension pursuant to 22 NYCRR 691.10 (f), and his failure to file a record of his conviction with this Court as required by Judiciary Law § 90 (4) (c). "Our duty in these circumstances is to impose discipline, not as punishment, but to protect the public in its reliance upon the presumed integrity and responsibility of lawyers, and we are called upon to adjudicate respondent's fitness to continue in the profession" *(Matter of Kahn,* 38 AD2d 115, 124, *affd* 31 NY2d 752).

We find the respondent's misconduct sufficiently grave as to warrant his disbarment and to preclude his restoration to the practice of law. Mangano, P. J., Thompson, Bracken, Sullivan and Balletta, JJ., concur.