In the Matter of THOMAS F. SMYTH, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, October 25, 1977

*James D. Porter, Jr.,* of counsel *(Eileen Courtney* with him on the brief), for petitioner.

*Patrick L. Wynne* for respondent.

*Per Curiam.* Respondent, now 62 years of age, was admitted to practice in the First Judicial Department on March 23,

1953. He is charged with professional misconduct, fraud and deceit in violation of section 90 of the Judiciary Law of the State of New York, and of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, and of giving advice to a person not represented by a lawyer, whose interests were in conflict with his, in violation of DR-1-102 (subd [A], par [4]) and DR-7-104 (subd [A], par [2]) of the Code of Professional Responsibility. The Referee appointed by this court to take testimony in regard to these charges of professional misconduct, at the conclusion of the hearing, found the allegations to be substantially sustained. With respect to the allegations of fraud, deceit and dishonesty, the Referee found that respondent was guilty only of misrepresentation in the concealment from one Betty Tilearcio of material facts which should have been disclosed to her in the sale of a one-half interest in real property located at 701 Minneford Avenue, Bronx, New York. Respondent does not contest the findings of the Referee and does not oppose the instant application. He points out that the Referee found mitigating circumstances, in that respondent did reimburse Mrs. Tilearcio the moneys advanced by her toward the purchase price of the one-half interest in the real property, plus interest, and that aside from the instant disciplinary proceeding, respondent has an unblemished record. It is also noted that the Referee viewed respondent's actions in the subject transaction to have been engendered more by stupidity than by cupidity.

Study of the record warrants concluding that the charges have been sustained. We duly note the mitigating circumstances alluded to by the Referee in his report.

Accordingly, we conclude that the petition should be granted and the Referee's report confirmed and that in view of the fact that respondent has reimbursed Mrs. Tilearcio, a punishment of suspension for a period of one year be imposed.

KUPFERMAN, J. P., LUPIANO, BIRNS and LANE, JJ., concur.

Respondent suspended from practice as attorney and counselor at law in the State of New York for a period of one year commencing November 25, 1977.