In the Matter of LEON S. HARRIS (Admitted as LEON SOL HARRIS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 11, 1988

## APPEARANCES OF COUNSEL

*Sarah Diane McShea* of counsel *(Michael A. Gentile,* attorney), for petitioner.

*Lawrence S. Goldman* of counsel *(Goldman & Hafetz,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Departmental Disciplinary Committee (DDC) seeks an order confirming a Referee's report and suspending respondent for two years. Respondent cross-moves to disaffirm those portions of the report which sustained the charges against him, to confirm that portion of the report which dismissed charge II, and to modify the sanctions recommended.

Respondent was admitted to practice in the Second Department on March 28, 1958, and has maintained an office for the practice of law within the First Department.

On August 19, 1986 he was served with a copy of the notice of statement of charges dated August 18, 1986. He was charged with violating DR 1-102 (A) (4), DR 5-101 (A), DR 5-105 (A) and DR 7-106 (A) of the Code of Professional Responsibility in that he induced a long-time client, Lloyd Weiss, into advancing $55,000 to another client (charge I); failed to satisfy a judgment obtained against him by Lloyd Weiss (charge II); and failed to appear pursuant to subpoena to take his deposition as a debtor under the judgment, and falsely testified that he had not been served with the subpoena (charge III).

A Hearing Panel was convened and took testimony over several days in 1986 and 1987. Charges I and III were sustained, but charge II was not. The Panel has now referred the matter to the court with the recommendation that respondent be suspended from practice for two years.

In December 1983 respondent induced Lloyd Weiss, whom he had represented in various matters over 15 years, to advance $55,000 to West Village Associates, Inc. (WVA), a company owned by Joel Bresslauer, for the development of a real estate project in Greenwich Village at 6 Bank Street. At the time, respondent represented Bresslauer in several litigation matters involving substantial financial claims and judgments already entered against Bresslauer. Respondent was himself owed substantial sums of money by Bresslauer. To induce Weiss to loan the money respondent executed a personal guarantee of the loan and Bresslauer agreed to execute a second mortgage in Weiss' favor against the Bank Street property. Respondent failed to advise Weiss that respondent and/or his companies expected to receive a portion of the loan

from Bresslauer; failed to advise Weiss of Bresslauer's obligations to respondent; failed to advise Weiss that respondent had filed mechanic's liens against the property upon which the mortgage was given as security for the loan; and failed to advise Weiss that WVA, which was to convert the property into a cooperative, did not own the property, and that the owner was another company controlled by Bresslauer. Respondent also did not advise Weiss that a deed to the property in favor of Subiflex, Inc. was being held in escrow by the attorney for Subiflex under a 1980 agreement, and that under the terms of the agreement the deed in escrow could be recorded by Subiflex if Bresslauer did not meet certain terms and conditions by a certain date. Litigation had been commenced by Subiflex relating to the 1980 agreement.

Eventually, Weiss ascertained that the funds had been misappropriated by Bresslauer and confronted respondent in late January or early February 1984. Respondent apologized and revealed that he had lured Weiss into the transaction because he "needed the money".

WVA defaulted on its obligation to pay Weiss $11,000 on April 1, 1984. On April 17, after he had been served with a motion seeking summary judgment in lieu of complaint, respondent, as guarantor, paid Weiss $11,000.

WVA then defaulted on its obligation to repay the $55,000 which had been advanced and was due June 1, 1984. Another legal action was commenced against respondent, and after summary judgment was awarded and a trial on damages completed, Weiss was awarded damages of $48,583.30 plus 20% interest from May 7, 1984 and $4,500 in legal fees.

On September 4, 1985 respondent was personally served with a subpoena to take his deposition as a debtor. On September 10, 1985 a letter was hand-delivered reminding respondent of the terms of the subpoena, which required him to appear at the offices of Carlin & Schweidel on September 19, 1985 at 10:00 A.M. Respondent failed to appear. At an investigatory interview conducted by counsel for DDC on February 19, 1986, respondent testified that he had not been served with a subpoena. Not until after the commencement of the disciplinary hearing on November 25, 1986 did respondent pay any portion of the judgment. Since then, on two separate occasions, he has paid a total of $40,000.

The Hearing Panel found respondent guilty of conduct involving dishonesty, fraud, deceit or misrepresentation in

violation of DR 1-102 (A) (4) and conduct adversely reflecting on his fitness to practice law, in violation of DR 1-102 (A) (6) in that, expecting that he would benefit directly and indirectly from the funds, he took advantage of his long-standing attorney-client relationship with Weiss by fraudulently inducing him to loan Bresslauer, who was financially unreliable, $55,000.

The Panel also found respondent guilty of conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5) and conduct which adversely reflects on his fitness to practice law in violation of DR 1-102 (A) (6) due to his willful failure to appear for his deposition pursuant to the subpoena.

In addition, the Panel found respondent guilty of conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (A) (4), and conduct adversely reflecting on his fitness to practice law in violation of DR 1-102 (A) (6), because he falsely testified that he had not been served with a subpoena.

In his cross motion to disaffirm, respondent argues that the record fails to establish that Weiss made the investment because of any misrepresentations by him. He claims that Weiss was a knowledgeable and sophisticated real estate investor, and was aware of respondent's interest in the Bank Street property. As well, respondent argues, Weiss would have to be aware of his own financial interest in the venture since he was a guarantor. Additionally, respondent notes that he never billed Weiss for his services in preparing the contract, and thus could not have been acting as Weiss' attorney in the matter. Finally, respondent unconvincingly argues that as Bresslauer's attorney he was constrained by the Canons of Ethics from revealing to Weiss the very information which he was charged with concealing, including his own mechanic's lien and the existence of various actions against Bresslauer. He claims that although these were available in public records they were secrets he obtained in the course of an attorney-client relationship with Bresslauer.

In response to whether he had been served with a subpoena, respondent argues that the process server admitted that he had improperly sworn that he had asked respondent whether he was in military service and received a negative answer. Respondent argues that the process server's duplicity casts serious doubt on his testimony since, if he could falsely swear once, he was apt to do it again.

Respondent also asks, in the alternative, for a lesser sanction because his misconduct resulted from frustration and fear that a project in which he had invested virtually all his funds was going to be lost. He concedes that such an excuse cannot justify his actions, but should be relevant on the question of sanctions. He also notes that the intent was not to deprive Weiss of his funds, but to repay him when the project was complete.

He also again argues that ethical constraints prevented him from revealing all the information to Weiss, and that he has repaid a substantial part of the judgment. Finally, he notes that he is 59 years old with an unblemished record, a member of the Bar for over 30 years, and a graduate of Harvard Law School.

The record is replete with evidence to confirm the Referee's report and thus to sustain charges I and III. Respondent clearly took advantage of his long-standing relationship with Weiss to lend money to the venture, without informing him of the risks involved. He convinced Weiss that it was a sound investment by offering his own guarantee, and telling Weiss that as his lawyer and friend respondent would never permit him to enter into a hazardous venture. Additionally, respondent's own argument concerning ethical considerations arising from the lawyer-client relationship confirms that he withheld a slew of information regarding the riskiness of the venture. His argument that he did not represent Weiss in the transaction is irrelevant to whether he lured him into the transaction, and readily dismissed, since there is not any indication that he told Weiss to obtain independent counsel or to advise him that respondent was not representing him. Anyone in Weiss' position would have to believe that he could rely on respondent's representations as a long-time friend and lawyer.

The argument denigrating the process server's testimony because of one misstatement pales in light of all the evidence that respondent was served with a subpoena and that he received a letter reminding him of the deposition date.

Consequently, in view of respondent's serious misconduct, involving not just one incident but a pattern of duplicity over a period of time, we find that the Referee's report should be confirmed and direct that respondent be suspended from practice for two years and until further order of this court.

KUPFERMAN, J. P., SULLIVAN, MILONAS, ROSENBERGER and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years effective September 12, 1988 and until the further order of this court.