[622 NYS2d 980]

In the Matter of JOSEPH BIGMAN, a Suspended Attorney, and HARRY I. BIGMAN, an Attorney, Respondents. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 6, 1995

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Richard Lombardo* of counsel), for petitioner.

*Fredric Lewis,* New York City, for respondents.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondents were jointly charged with three allegations of professional misconduct. The Special Referee failed to sustain any of the charges. The Grievance Committee moves to disaffirm the findings of the Special Referee and to impose such discipline upon the respondents as the Court deems just and proper. The respondents cross-move to confirm the report of the Special Referee and to dismiss all three charges.

Charge One alleged that the respondents engaged in an impermissible conflict of interest emanating from Harry I. Bigman's representation of Ronnie and Melissa Pappas in their purchase of a parcel of real property in Valley Stream, New York. At the closing, Harry I. Bigman solicited and received a loan from his clients, Mr. and Mrs. Pappas, in the amount of $50,000, payable within one year at 12% interest. As collateral for that loan, Harry I. Bigman gave his clients an unsigned mortgage, dated September 1, 1986, on a parcel of real estate in Astoria, which was owned by Joseph Bigman.

Harry I. Bigman also gave, as collateral for the loan, a mortgage note, dated September 15, 1986, which was signed by Joseph and personally guaranteed by Harry I. Bigman. The respondents failed to record the mortgage and note, and did not inform Mr. and Mrs. Pappas of this failure to record.

Harry I. Bigman is the father of Joseph Bigman. The respondents were law partners at the time of the Pappas transaction.

On or about April 21, 1989, Joseph Bigman transferred title to the Astoria property to his mother. The respondents failed to inform Mr. and Mrs. Pappas of this transfer. The respondents failed to completely repay the loan received from Mr. and Mrs. Pappas. By reason of the foregoing, the respondents

violated Code of Professional Responsibility DR 5-104 (A) (22 NYCRR 1200.23 [a]) (Charge One).

Based on the aforesaid conduct, the respondents were guilty of engaging in conduct adversely reflecting upon their fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (6) (now [8]) (22 NYCRR 1200.3 [a] [8]) (Charge Two).

Based on the aforesaid conduct, the respondents were guilty of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]) (Charge Three).

Upon a review of the evidence adduced, we find that all three charges were sustained by a preponderance of the credible evidence. Accordingly, the petitioner's motion to disaffirm the Special Referee's report is granted and the respondents' cross motion is denied. The respondents are guilty of the professional misconduct alleged.

In determining an appropriate measure of discipline to impose, we have considered the absence of any mitigating circumstances other than the withdrawal of the underlying complaint. Each respondent has a prior disciplinary history. Harry I. Bigman was issued a Letter of Caution in December 1988. Joseph Bigman was issued Admonitions in May 1986 and February 1987 and by opinion and order dated March 30, 1992, was suspended from the practice of law for a period of two years. Under the circumstances, the respondents are suspended from the practice of law for three years.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to disaffirm the report of the Special Referee is granted and the respondents' cross motion to confirm the Special Referee's report is denied in its entirety; and it is further,

Ordered that the respondent, Joseph Bigman, is suspended from the practice of law for a further period of three years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of

the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Harry I. Bigman, is suspended from the practice of law for a period of three years, commencing April 10, 1995, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, each of the respondents, Joseph Bigman and Harry I. Bigman, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.