[718 NYS2d 18]

In the Matter of STEVEN M. LEFF (Admitted as STEVEN MITCHELL LEFF), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 3, 2000

### APPEARANCES OF COUNSEL

*Sarah Jo Hamilton* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Michael L. Soshnick* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Steven M. Leff was admitted to the practice of

law in the State of New York by the Second Judicial Department on February 24, 1988, as Steven Mitchell Leff. Respondent has maintained an office for the practice of law within the First Judicial Department since 1996.

On or about April 30, 1999, the Departmental Disciplinary Committee (Committee) served respondent with a notice and statement of charges alleging that he committed eight violations of the Disciplinary Rules. Respondent served an answer to the charges, essentially denying the allegations.

During a hearing before a Referee, four charges against respondent were withdrawn. At the conclusion of this hearing, the Referee recommended that respondent be suspended from the practice of law for three years. A Hearing Panel was then convened to hear oral argument relating to the matter. On February 16, 2000, the Hearing Panel issued its report and recommendation, which supported sustaining the remaining charges. The Hearing Panel, with one member dissenting, also supported the Referee's recommendation that respondent be suspended for a period of no less than three years.

The first two charges sustained by the Hearing Panel relate to the respondent's inducing a client, Mr. Carleton, to loan him money which he used to pay personal debts, by misrepresenting that the funds were to be invested in dental equipment. The Panel further found that respondent testified falsely before the Committee that he had informed this same client that the loan was for his personal use. These actions were found to constitute violations of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [deliberate and intentional conduct involving dishonesty, fraud, deceit or misrepresentation]). The Panel sustained a third charge, finding that by accepting a loan from a client and falsely informing him of the purpose of the loan or failing to advise his client to seek independent counsel, the respondent violated DR 5-104 (a) (22 NYCRR 1200.23 [entering into a business transaction without fully disclosing its purpose or obtaining the client's consent]). Finally, the Panel concluded that the totality of the respondent's conduct throughout the proceedings violated DR 1-102 (a) (8) (now [7]) (engaging in conduct adversely reflecting on his fitness to practice law).

As mitigating evidence, the Panel considered that the respondent had no prior disciplinary history, that he was purportedly involved in charity work, and that he had made some payments on his debts after the disciplinary complaint had been filed. However, the Panel recommended the sanction

of a three-year suspension in light of respondent's misconduct in obtaining the loans, and his continued lack of candor throughout the disciplinary proceedings. The Panel also recommended that in the event the respondent sought reinstatement, granting this relief should be conditioned upon his submission of proof of full restitution of his improper debts.* The dissenting Panel member urged disbarment, concluding that the respondent was clearly not fit to practice law within the meaning of DR 1-102 (a) (7).

The Committee now seeks an order confirming the findings of fact and conclusions of law of the Referee and the Hearing Panel, and imposing the recommended sanction of a three-year suspension. Respondent cross-moves for disaffirmance of the findings of fact and legal conclusions of the Referee and the Hearing Panel, or, alternatively, that this Court impose the lesser sanction of a public censure. We confirm the Hearing Panel's findings and conclusions in their entirety. Further, given the venal nature of respondent's misconduct, aggravated by his lack of candor during his deposition and at the hearing, and his apparent efforts to dissuade his former clients from testifying at the Panel hearing, a three-year suspension is warranted (see, Matter of Bigman, 208 AD2d 313, lv denied 86 NY2d 711 [three-year suspension warranted for misconduct involving dishonesty, fraud, deceit or misrepresentation in connection with failure to repay loan from clients]).

Accordingly, the Committee's motion for an order confirming the Hearing Panel's findings of fact and conclusions of law should be granted, and the recommended sanction of a three-year suspension imposed with the additional proviso that respondent's future reinstatement be conditioned upon his submission of proof of full restitution of the debts owing to Mr. Carleton, and the cross motion denied accordingly.

WILLIAMS, J. P., MAZZARELLI, LERNER, ANDRIAS and FRIEDMAN, JJ., concur.

Petition granted and respondent suspended from the practice of law in the State of New York for a period of three years and until the further order of this Court, as indicated. Cross motion denied accordingly.

---

* Charges related to other improper loans made by other clients were withdrawn by the Committee Staff at the hearing before the Referee.