[761 NYS2d 225]

In the Matter of STEVEN A. TAUBE (Admitted as STEVEN ALBERT TAUBE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 26, 2003

#### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Steven A. Taube,* respondent pro se.

#### OPINION OF THE COURT

Per Curiam.

Respondent Steven A. Taube was admitted to the practice of law in the State of New York by the First Judicial Department on April 7, 1980, as Steven Albert Taube. Respondent ceased practicing law in New York in 1992 when he founded a college

admission counseling business which he operates out of his home in Virginia. Respondent is not admitted to practice law in Virginia.

By a felony indictment filed in Virginia in November 2000, respondent was charged with embezzlement in violation of Virginia Code Annotated § 18.2-111. In particular, the indictment alleged that respondent, in his capacity as treasurer of a high school booster club, embezzled school funds in excess of $200. Respondent subsequently pleaded guilty to the indictment and was sentenced to a two-year suspended sentence of incarceration and supervised probation for a period of two years, and ordered to pay court costs. Respondent failed to notify the Committee of this Virginia conviction as required by Judiciary Law § 90 (4) (c).

The Committee now seeks an order automatically disbarring respondent pursuant to Judiciary Law § 90 (4) (a) and (b) based upon his felony conviction in Virginia. Inasmuch as respondent's Virginia conviction is "essentially similar" to the New York felony of grand larceny in the fourth degree, respondent's felony Virginia conviction constitutes a felony in New York (*see* Penal Law § 155.30; *Matter of Kaye*, 217 AD2d 197, 198 [1995]).

Respondent's contention that he was not required to notify the Committee of his Virginia conviction since he resigned his membership in the New York State bar by letter dated March 4, 1994 is unavailing. There is no record that such letter was ever received by the Committee on Character and Fitness. Nor has this Court issued an order accepting respondent's resignation.

Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in this state (*see Matter of Linney*, 242 AD2d 125 [1998]).

ANDRIAS, J.P., SAXE, LERNER, FRIEDMAN and MARLOW, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, as indicated.