[814 NYS2d 27]

In the Matter of ERIK VESKI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 30, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Andral N. Bratton* of counsel), for petitioner.

*Erik Veski,* respondent pro se.

Per Curiam.

Respondent Erik Veski was admitted to the practice of law in the State of New York by the Second Judicial Department on July 28, 1982. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order entered May 26, 2004, this Court granted the Departmental Disciplinary Committee's petition for collateral estoppel, finding respondent guilty of professional misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (4) (conduct involving dishonesty, fraud, deceit or misrepresentation) and (7) (conduct adversely reflecting on his fitness as a lawyer) (22 NYCRR 1200.3), and referred the matter back to the Committee solely to consider evidence in mitigation or aggravation, and to recommend an appropriate sanction. The collateral estoppel petition was based on a jury verdict against respondent and a judgment entered on June 21, 2002 in the civil matter *Vant et al. v Trillium of N.Y., Ltd., Erik Veski & Katrin Veski* (Sup Ct, Westchester County, June 21, 2002, Index No. 14258/95), a fraud action brought against respondent by his former clients Robert and Aimee Vant. The jury specifically found that respondent individually: (1) induced the Vants to loan him $222,964.29 for a real estate venture by making false representations to them with respect to the loans and mortgage instruments at issue; (2) the representations made to the Vants were intended to deceive them; and (3) the Vants justifiably relied upon respondent's misrepresentations in lending him the money. The judgment entered was for the sum of $427,625.07, which included interest.

The sanction hearing was held before a referee, who recommended respondent be suspended for 15 months. A Hearing Panel agreed with the Committee's recommendation and suggested a three-year suspension. The referee and Hearing Panel found aggravating circumstances in that the loss to the Vants was of "great magnitude," respondent was incapable of making restitution, and that although respondent exhibited remorse about the loss suffered by the Vants, he remained steadfast in refusing to admit culpability in the matter. The Vants alleged that respondent's actions had a devastating impact on their lives. Among other things, having turned over to the respon-

dent their entire retirement savings as well as the separate monies they had been saving for their daughter's college costs, they lost everything except their home, upon which they had to take a $220,000 home equity loan in order to live, the 80-year-old husband is depressed due to their situation, and they waited six years to commence the civil action because they were friends of respondent and his family and respondent promised to repay the money once they sold the land.

In mitigation, the referee and Hearing Panel considered that respondent did not intend to permanently deprive the Vants of their property, he cooperated with the disciplinary proceeding, he did not have a disciplinary record, he showed evidence of good character and sustained community service (active in church/choir), he has been ordered to repay the Vants for the damages he caused, he made sustained yet unsuccessful efforts to sell the property in order to repay his investors, and he expressed a future intention to make good the loss to the Vants if possible.

The Committee now seeks an order confirming the report and recommendation of the Hearing Panel, which confirmed the findings of fact and conclusions of law of the referee, and, in light of the differing sanction recommendations, imposing whatever sanction this Court deems just and proper. In addition, the Committee asks this Court to direct respondent to make monetary restitution to Robert and Aimee Vant in the amount of $427,625.07 and, where appropriate, to the Lawyers' Fund for Client Protection. The Committee argues that their request for restitution, pursuant to Judiciary Law § 90 (6-a) is not redundant to the June 21, 2002 judgment already entered against respondent, because the Committee's request would also take into full consideration any award the Lawyers' Fund may make to the Vants as a result of respondent's misconduct.

Respondent, pro se, has submitted an affidavit in response wherein he urges that he receive a public censure and repeats the same arguments previously raised and rejected before this Court in the prior collateral estoppel application, and before the referee and Hearing Panel. In addition, respondent asserts that he is 52 years old and, despite his legal experience, has had difficulty seeking employment in another law firm, due to the

disciplinary proceeding.* He asserts that the effect of this situation has been devastating to his family, and to add a suspension would be very difficult and would bring further humiliation and embarrassment. Respondent notes that the primary concern here is not punishment but protection of the public, and he is no threat to the public. He also asserts that he has learned from this experience and that his acts were isolated and aberrational in nature. Regarding sanction and the Committee's request for an order of restitution, respondent reiterates that his postbankruptcy income has been minimal, he has no assets or savings, foreclosure proceedings have been pending against respondent's family residence and, having to reinvent himself at his age and seek employment as a newcomer in some other business will not prove simple, and certainly not financially lucrative.

In reply, the Committee notes, among other things, that while respondent pleads for sympathy for his own plight, it is nothing more than the natural consequences of having a complaint filed against him and ultimately being found liable by a jury for civil fraud. Finally, the Committee argues that even a three-year suspension generously balances any mitigating factors with the gravity of respondent's misconduct.

The Committee recommends a three-year suspension and restitution, as noted above, given the egregious nature of respondent's misconduct, the adverse impact that conduct had upon the victims, and respondent's refusal to acknowledge wrongdoing (see Matter of Leff, 275 AD2d 135 [2000] [attorney suspended for three years for fraudulently inducing a client to loan him money, falsely testifying before the Committee and for attempting to dissuade his former clients from testifying before the Hearing Panel]; Matter of Bigman, 208 AD2d 313 [1995], lv denied 86 NY2d 711 [1995] [three-year suspension each for father and son attorneys for soliciting $50,000 loan from clients, giving clients an unsigned, unrecorded mortgage on property owned by one respondent and transferring title to respondents' wife/mother without advising clients]; Matter of Brown, 180 AD2d 150 [1992] [two-year suspension for commingling funds, soliciting a loan from a client without full financial disclosure and without advising client to seek other counsel, and for failing to satisfy a judgment the client obtained by default]; Matter of Harris, 139 AD2d 253 [1988] [two-year suspension for inducing client to lend money to the real estate venture of another

---

* This proceeding was commenced in 1997, but held in abeyance pending the civil action.

client who was financially unreliable, failing to disclose that the second client owed money to respondent, that respondent would be receiving a portion of the loan and that respondent held a mechanic's lien against the real property]; *Matter of Smyth*, 59 AD2d 211 [1977] [attorney suspended for one year for failing to reveal material facts to a buyer of property]).

In adopting the Committee's recommendation of a three-year suspension the Hearing Panel concluded: "[a]lthough there are a number of mitigating factors, the Panel believes that the final aggravating factors of the apparent knowing misrepresentation by omission by a practitioner specializing in the area of the law and Mr. Veski's failure to admit any such wrong-doing override any mitigating factors."

In light of the relevant case law, and the mitigating and aggravating factors, we agree with and adopt the Hearing Panel's recommendation of a three-year suspension. We also agree with and adopt the Committee's further recommendation that respondent be ordered to make monetary restitution to Robert and Aimee Vant in the sum of $427,625.07 and, where appropriate, to the Lawyers' Fund for Client Protection.

Accordingly, the Committee's motion for an order confirming the Hearing Panel's findings of facts and conclusions of law and directing respondent to make monetary restitution should be granted, the recommended sanctions imposed, and respondent suspended from the practice of law for a period of three years and until the further order of this Court, and directed to make monetary restitution to Robert and Aimee Vant in the sum of $427,625.07 and, where appropriate, to the Lawyers' Fund for Client Protection.

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN, WILLIAMS and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three years, effective in the date hereof and until the further order of this Court.