[876 NYS2d 62]

In the Matter of STEVEN M. LEFF (Admitted as STEVEN MITCH-
ELL LEFF), an Attorney, Respondent. DEPARTMENTAL DISCI-
PLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT,
Petitioner.

First Department, April 9, 2009

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary
Committee*, New York City (*Raymond Vallejo* of counsel), for
petitioner.

*Hoffman & Pollok, LLP (Jeffrey Hoffman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Steven M. Leff was admitted to the practice of law by the Second Judicial Department on February 24, 1988, as Steven Mitchell Leff. By order entered August 3, 2000, this Court suspended respondent from the practice of law for a period of three years for inducing a client to lend him money by means of misrepresentation and for testifying falsely about the matter during the course of the Disciplinary Committee's investigation (*Matter of Leff*, 275 AD2d 135 [2000]). Respondent never applied for reinstatement, and therefore remains suspended.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). Respondent has not submitted a response.

On June 12, 2008, respondent was convicted, upon his guilty plea in the United States District Court for the Eastern District of New York, of one count of embezzlement in violation of 18 USC § 656, a felony under the United States Code. Respondent failed to report his guilty plea to the Disciplinary Committee as required by Judiciary Law § 90 (4) (c). Respondent has not yet been sentenced.

Respondent, as president of a company called National Settlement Agency (NSA), was charged with embezzling the proceeds of mortgage refinancing transactions, some of which were used for his own personal benefit. Specifically, respondent admitted during his plea allocution that on numerous occasions, when NSA was the closing agent for various FDIC insured banks, and,

> "when NSA received loan proceeds from a bank, I diverted monies for other purposes including to pay expenses of the business and to pay-off other borrower's mortgages. Ultimately, there was not enough funds to cover the pay-offs and that many loans were not funded. In February of 2006, I recall seeing that NSA owed approximately $3 to $4 million which it did not have in order to pay off the mortgages being refinanced. . . . I understand from the

records . . . supplied by the government that I have reviewed, that the total amount of unfunded loans rose to approximately $13 million."

In addition, in response to the court's inquiry, respondent admitted that he engaged in this conduct with the intent to defraud, knowing that it was wrong to do so.

A conviction of a federal felony triggers automatic disbarment if the offense is "essentially similar" to a felony under New York law (see Matter of Sorin, 47 AD3d 1, 3 [2007]; Judiciary Law § 90 [4] [e]). Essential similarity may be demonstrated by reviewing evidentiary materials such as admissions made under oath during a plea allocution which may be read in conjunction with the indictment or information (see Matter of Amsterdam, 26 AD3d 94, 96 [2005]; Matter of Mercado, 1 AD3d 54, 55-56 [2003]).

The Committee contends that respondent's conviction for embezzlement under 18 USC § 656, for knowingly and intentionally embezzling or willfully misapplying moneys in an amount exceeding $1,000 as an agent of one or more banks with FDIC deposits, is essentially similar to the New York felony of grand larceny in the fourth degree in violation of Penal Law § 155.30 (1) (see Matter of Spooner, 66 AD2d 495 [1979] [embezzlement under 18 USC § 657 substantially similar to grand larceny in the third degree]; see Matter of Taube, 308 AD2d 83 [2003] [Virginia conviction for embezzlement essentially similar to grand larceny in fourth degree]; Matter of Linney, 242 AD2d 125 [1998] [North Carolina conviction for embezzlement analogous to grand larceny in the fourth degree]).

A person is guilty of grand larceny in the fourth degree when he steals property with a value that exceeds $1,000. Larceny is defined as stealing property with the "intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law § 155.05 [1]). Larceny can be committed by embezzlement, larceny by trick or obtaining property by false pretenses (Penal Law § 155.05 [2]).

Respondent's felony conviction for embezzlement is essentially similar to the New York felony of grand larceny in the fourth degree and, therefore, respondent ceased to be an attorney upon the entry of his guilty plea (Judiciary Law § 90 [4] [a], [e]). The fact that respondent has not yet been sentenced does not preclude this application since entry of a guilty plea is the conviction date that triggers automatic disbarment (Matter

*of Brown*, 51 AD3d 76, 77 [2008]; *Matter of Lee*, 43 AD3d 86, 87 [2007]).

Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b) should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to June 12, 2008.

MAZZARELLI, J.P., ANDRIAS, FRIEDMAN, BUCKLEY and CATTERSON, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 12, 2008.