[19 NYS3d 502]

In the Matter of STEVEN R. FRENCH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 22, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Steven R. French*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Steven R. French was admitted to the practice of law in the State of New York by the First Judicial Department on September 23, 2002. Respondent is delinquent in his attorney registration. He was served with this motion at his current residence in Scranton, Pennsylvania, which was provided by his parole agent.

On June 6, 2013, respondent pleaded guilty, in the Court of Common Pleas of Wayne County, Commonwealth of Pennsylvania, to robbery—demand money from a financial institution, a felony, in violation of 18 Pa Cons Stat Ann § 3701 (a) (1) (vi). On August 8, 2013, respondent was sentenced to a period of incarceration of not less than 12 months nor more than 84 months, and ordered to pay court costs and restitution in the amount of $2,420.

By notice of petition dated June 4, 2015, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) based upon his criminal felony conviction. The Committee notes that respondent's failure to report his criminal conviction as required by Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (f) "shall be deemed professional misconduct" under Judiciary Law § 90 (4) (c).

Respondent has submitted a letter dated June 25, 2015, in which he consents to the Committee's motion to strike, except that he opposes its further request that this Court find that he committed professional misconduct in violation of Judiciary Law § 90 (4) (c) by not reporting his conviction. Respondent argues that this claim is unnecessary since his conviction is sufficient for this Court to order his disbarment, and it also fails since he ceased to be an attorney by operation of law upon entry of his guilty plea (Judiciary Law § 90 [4] [a]) and a non-attorney cannot be found to have committed "attorney misconduct." Further, on a "more personal and human level," respondent explains that at the time of his arrest and imprisonment, his immediate concerns did not include contacting any committees; he has not practiced law since 2011 and believes it has been since 2009 in New York; his failure to disclose was not an intentional act of disrespect; and "as strange as it may sound (given my felony conviction and imminent disbarment), it mat-

ters to me whether this court would also find me to have committed attorney misconduct as well."

Relying on respondent's admissions during his plea allocution, the Committee argues that respondent's Pennsylvania conviction is "essentially similar" to the New York felony of grand larceny in the fourth degree and, therefore "automatic" disbarment is appropriate (Judiciary Law § 90 [4] [e]; *Matter of Margiotta*, 60 NY2d 147 [1983]). Essential similarity between the elements of the Pennsylvania offense and a New York felony may be established by admissions made under oath during a plea allocution, which may be read in conjunction with the accusatory instrument (*Matter of Amsterdam*, 26 AD3d 94 [1st Dept 2005]; *Matter of Mercado*, 1 AD3d 54 [1st Dept 2003]).

The crime of robbery—demand money from a financial institution (bank robbery), in Pennsylvania is "essentially similar" to the New York felony of grand larceny in the fourth degree (Penal Law §§ 155.05, 155.30). The gravamen of the Pennsylvania robbery offense is that, in the course of committing a theft, the individual takes or removes the money of a financial institution without permission of the financial institution by making a demand of an employee orally or in writing with the intent to deprive the financial institution thereof (18 Pa Cons Stat Ann § 3701 [a] [1] [vi]). In New York, bank robbery falls within the definition of larceny under Penal Law § 155.05 (1), which is defined as stealing property with the "intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof." Larceny can be committed by embezzlement, trespassory taking, by trick or obtaining property by false pretenses (Penal Law § 155.05 [2]). A person is guilty of grand larceny in the fourth degree, a class E felony, when he steals property with a value that exceeds $1,000, or when the "property, regardless of its nature and value, is taken from the person of another" (Penal Law § 155.30 [1], [5]).

At his plea allocution, respondent admitted that on February 20, 2013, he handed a cashier at a Citizen Savings Bank a robbery note demanding cash and indicated that he had a gun and a partner waiting outside. He was handed $2,420 in cash before fleeing the scene. Respondent also admitted that on March 13, 2013, he provided a written Mirandized confession to the bank robbery.

In light of the fact that respondent's Pennsylvania bank robbery conviction is essentially similar to the New York felony of

grand larceny in the fourth degree, respondent's name should be stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) (*see e.g. Matter of Dickstein*, 105 AD3d 77 [1st Dept 2013] [attorney's California felony conviction of grand theft deemed essentially similar to grand larceny in the fourth degree]; *Matter of Starr*, 88 AD3d 145 [1st Dept 2011] [attorney's federal conviction for, inter alia, wire fraud and money laundering, deemed essentially similar to scheme to defraud in the first degree and grand larceny in the second degree]; *Matter of Leff*, 63 AD3d 57 [1st Dept 2009] [attorney's federal conviction of embezzlement by diverting proceeds from mortgage refinancing transactions, some of which were for own personal benefit, deemed essentially similar to grand larceny in the fourth degree]; *Matter of Linney*, 242 AD2d 125 [1st Dept 1998] [attorney's North Carolina conviction for embezzling $1,275 in cash and checks and the proceeds of a $10,000 certificate of deposit was analogous to grand larceny in the fourth degree]).

Accordingly, the petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc to June 6, 2013.

FRIEDMAN, J.P., SAXE, MOSKOWITZ, GISCHE and KAPNICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 6, 2013.