[674 NYS2d 293]

In the Matter of RONALD HERBERT FANTA, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 4, 1998

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Hal R. Lieberman,* attorney), for petitioner.

*Jonathan Marks* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Ronald Herbert Fanta was admitted to the

practice of law in the State of New York by the Third Judicial Department on January 20, 1981. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By order dated October 3, 1996 (225 AD2d 69), this Court suspended respondent from the practice of law for a period of three years for neglecting legal matters entrusted to him, making misrepresentations to clients and to the Departmental Disciplinary Committee (Committee) and submitting forged documents to an administrative agency.

On September 29, 1997, respondent pleaded guilty in the United States District Court for the Southern District of New York to one count of making false statements to the United States Immigration and Naturalization Service in violation of 18 USC § 1001. On or about March 5, 1998, respondent was sentenced to three years' probation, six months of which are to be spent in home detention, a $7,000 fine and a $50 assessment.

By petition dated April 6, 1998, the Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). An attorney convicted of felony is subject to automatic disbarment (Judiciary Law § 90 [4] [b]), and included in the definition of a felony is "any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]).

We have previously held that a conviction of making a false written statement to a public agency in violation of 18 USC § 1001 is analogous to a conviction of the New York felony of offering a false instrument for filing in the first degree under Penal Law § 175.35 (see, Matter of Pandit, 230 AD2d 160; Matter of Hirsch, 214 AD2d 271). Since the offense underlying defendant's Federal conviction is classified as a felony, and would constitute a felony in New York if committed here, automatic disbarment is appropriate (Matter of Hirsch, supra).

Accordingly, the Committee's petition is granted and respondent's name is stricken from the roll of attorneys on the ground that he has been automatically disbarred upon the conviction of a felony as defined in Judiciary Law § 90 (4) (e).

MILONAS, J. P., ELLERIN, WALLACH, TOM and MAZZARELLI, JJ., concur.

Petition granted, and respondent's name directed to be stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.