[675 NYS2d 68]

In the Matter of SHELDON WALKER (Admitted as SHELDON IR-
WIN WALKER), an Attorney, Respondent. DEPARTMENTAL
DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-
MENT, Petitioner.

First Department, June 30, 1998

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney),
for petitioner.

*Barry Turner* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State
of New York by the First Judicial Department on December
13, 1965, as Sheldon Irwin Walker. At all times pertinent to

this proceeding respondent has maintained an office for the practice of law in this Department.

By motion dated March 24, 1998, the Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.16 (b) (1) suspending respondent from the practice of law indefinitely and until further order of the Court on the ground of physical or mental incapacity.

In late 1996, the Committee received a complaint against respondent in which it was alleged that he neglected a former client's immigration case and handled the matter incompetently. Respondent answered the complaint, contesting the allegations.

At about the same time, counsel for the Committee learned that an 11-count indictment had been filed against respondent in the United States District Court for the Southern District of New York alleging, *inter alia*, immigration fraud. Counsel for the Committee decided to await the outcome of respondent's criminal prosecution rather than proceeding with its own investigation. However, after receiving additional complaints against respondent, Committee counsel proceeded with the investigation and, in October 1997, asked respondent to produce his files and to appear for a deposition. However, when a firm date in early November 1997 was chosen for respondent's Federal trial, Committee counsel once again decided to hold the investigation in abeyance.

On November 7, 1997, immediately before his trial was to begin, respondent was struck by a car and hospitalized for three days. Respondent sought to delay the trial, claiming that as a result of his accident, he was physically and psychologically incapacitated.

At that point, counsel for the Committee again asked respondent to respond to all outstanding complaints. In response, respondent's wife sent the Committee a letter, claiming that respondent was unable to proceed because of his condition and she attached two medical reports. Committee counsel responded by requesting that respondent either consent to a temporary suspension until his alleged incapacity had dissipated or answer the outstanding complaints and attend a deposition. Respondent's wife then forwarded answers to the complaints that still required a response and submitted an additional medical report, dated February 3, 1998, from a clinical neuropsychologist, stating, *inter alia*, that as a result of respondent's head injury, he "is currently totally disabled, primarily as a result of the development of neurocognitive and

neurobehavioral impairments, including deficits in intellect, memory, language and reasoning skills".

In the meantime, a hearing was held before District Court Judge Harold Baer, Jr. to determine whether respondent should be required to proceed immediately to trial. In seeking to adjourn the trial, respondent's counsel quoted from the aforementioned medical report. Judge Baer has not yet issued a decision on this issue.

Section 603.16 (b) (1) of the Rules of this Court provides: "(1) Whenever the Departmental Disciplinary Committee shall petition this court to determine whether an attorney is incapacitated from continuing to practice law by reason of physical or mental infirmity or illness or because of addiction to drugs or intoxicants, this court may take or direct such action as it deems necessary or proper to determine whether the attorney is so incapacitated, including examination of the attorney by such qualified experts as this court shall designate. If, upon due consideration of the matter, this court is satisfied and concludes that the attorney is incapacitated from continuing to practice law, it shall enter an order suspending him on the ground of such disability for an indefinite period and until the further order of this court and any pending disciplinary proceedings against the attorney shall be held in abeyance."

In moving for respondent's suspension pursuant to the foregoing provision, counsel for the Committee asserts that this application is predicated on three facts: (1), respondent has claimed in a pending criminal prosecution that a combination of physical and psychological conditions precludes him from participating in a criminal trial; (2), respondent's medical expert submitted a recent report to the Committee declaring respondent "totally disabled"; and, (3), respondent claims he is unable to minimally cooperate with the Committee's investigation. Counsel asserts that since respondent has argued that he is unable to participate as a criminal defendant at a trial where he would be represented by able counsel, a fortiori he is unable to adequately counsel and represent his own clients. Furthermore, a medical report from a neuropsychologist provides support for respondent's claimed disability. Counsel further points out that respondent has not been able to attend a deposition and the answers to the complaints have been prepared by his legal assistants.

Respondent, through his counsel, consents to the relief sought by the Committee, but requests that the suspension order not be published.

In view of respondent's consent and the uncontroverted medical evidence that, as the result of a head injury, he presently is both mentally and physically incapacitated from continuing to practice law, the Committee's motion should be granted and respondent should be suspended immediately and indefinitely from the practice of law until further order of this Court.

In denying respondent's request to not publish our order of suspension, we note that no stigma should attach to respondent at this point inasmuch as the charges against him have not yet been resolved. "[S]uspension [pursuant to section 603.16 (b) (1)] is not a punishment or sanction; it is a necessary precaution taken by the court to protect the public and further its confidence in and reliance upon the integrity and responsibility of the legal profession" (*Matter of Rowe*, 73 NY2d 336, 338).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.16 (b) (1) is granted and respondent is suspended from the practice of law immediately and indefinitely until further order of this Court.

MILONAS, J. P., NARDELLI, MAZZARELLI, ANDRIAS and SAXE, JJ., concur.

Motion granted, respondent suspended from the practice of law in the State of New York, effective immediately, for an indefinite period of time and until the further order of this Court.