[688 NYS2d 146]

In the Matter of SHELDON WALKER (Admitted as SHELDON IRWIN WALKER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 13, 1999

**APPEARANCES OF COUNSEL**

*Richard M. Maltz* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Sheldon Walker,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on December 13, 1965, as Sheldon Irwin Walker.

In late 1996, the Committee received a complaint against respondent in which it was alleged that he neglected a former client's immigration case and handled the matter incompetently. Respondent answered the complaint, contesting the allegations.

At about the same time, the Committee learned that an 11-count indictment had been filed against respondent in the United States District Court for the Southern District of New York alleging, *inter alia,* immigration fraud. The Committee decided to await the outcome of respondent's criminal prosecution rather than proceeding with its own investigation. However, since it subsequently received additional complaints against respondent, the Committee proceeded with its investigation and, in October 1997, asked respondent to produce his files and to appear for a deposition. Once again, however, the Committee decided to hold its investigation in abeyance inasmuch as a firm date had been set in early November 1997 for respondent's criminal trial.

On November 7, 1997, immediately before his trial was to begin, respondent was struck by a car and hospitalized for three days. Respondent sought to delay the trial claiming that as a result of his accident, he was physically and psychologically incapacitated.

When the Committee then asked respondent to respond to all outstanding complaints, respondent's wife sent the Committee a letter claiming that respondent was unable to proceed because of his condition and she attached two medical reports. The Committee responded by requesting that respondent either consent to a temporary suspension until his alleged incapacity had dissipated, or answer the outstanding complaints and attend a deposition. Respondent's wife then forwarded answers to the complaints that still required a response and submitted an additional medical report, dated February 3, 1998, from a clinical neuropsychologist, stating, *inter alia,* that as a result of respondent's head injury, he "is currently totally disabled, primarily as a result of the develop-

ment of neurocognitive and neurobehavioral impairments, including deficits in intellect, memory, language and reasoning skills."

In the meantime, a hearing was held in Federal court to determine whether respondent should be required to proceed immediately to trial. While this motion was *sub judice*, the Departmental Disciplinary Committee sought an order pursuant to 22 NYCRR 603.16 (b) (1) suspending respondent from the practice of law indefinitely and until further order of this Court on the grounds of physical or mental incapacity. By order entered June 30, 1998 (244 AD2d 3), the Committee's motion was granted with respondent's consent and he was suspended indefinitely until further order of this Court.

Respondent's motion to delay his criminal trial was then denied and, after a jury trial, he was found guilty of all counts of the indictment, including one count of conspiring to commit immigration fraud, in violation of 18 USC § 371, eight counts of making false statements to the Immigration and Naturalization Service in violation of 18 USC §§ 1001 and 1002, and six counts of mail fraud in violation of 18 USC §§ 1341 and 1342. On September 17, 1998, respondent was sentenced to 42 months in prison, a $100,000 fine and a $750 assessment, to be paid before or during the first 12 months of his incarceration.

By petition dated January 12, 1999, the Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). Petitioner correctly contends that automatic disbarment under section 90 (4) (b) is appropriate in this case because this Court has held that a violation of 18 USC § 1001 is analogous to the felony of offering a false instrument for filing in the first degree under New York Penal Law § 175.35 (*see, Matter of Fanta*, 242 AD2d 172; *Matter of Pandit*, 230 AD2d 160; *Matter of Marilao*, 188 AD2d 146). Since respondent's felony conviction is "essentially similar" to a New York felony, he is subject to automatic disbarment.

In a belated response to the petition, respondent, who is presently incarcerated, asks that the petition be denied pending the outcome of his pending appeal of his Federal conviction. However, it is now well settled that an attorney convicted of a felony is automatically disbarred and is not entitled to a stay of a proceeding such as this to strike the name of the person so convicted from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b) (*Matter of Deutsch*, 224 AD2d 93).

Accordingly, inasmuch as respondent ceased to be an attorney upon his Federal conviction, the petition seeking disbar-

ment should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law, effective immediately.

NARDELLI, J. P., LERNER, MAZZARELLI, ANDRIAS and SAXE, JJ., concur.

Petition granted, and the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York forthwith.