[714 NYS2d 458]

In the Matter of ELIHU FIER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 12, 2000

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Hal R. Lieberman* of counsel (*Beldock Levine & Hoffman, L. L. P.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Elihu Fier was admitted to the practice of law in

the State of New York by the Second Judicial Department on December 17, 1958, and at all times relevant to this proceeding has maintained an office for the practice of law within the First Judicial Department.

In connection with statements made to the Internal Revenue Service (IRS) regarding tax payment discrepancies, respondent was found guilty, after a jury trial in the United States Court for the Southern District of New York, of two counts of making false statements in violation of 18 USC § 1001, for which he was sentenced to probation and a $5,000 fine. The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 [4] [a], on the ground that he was automatically disbarred as a result of his conviction of a Federal felony that would constitute a felony if committed under New York law. A violation of 18 USC § 1001 is analogous to the New York felony of offering a false instrument for filing in the first degree (Penal Law § 175.35; *Matter of Walker*, 257 AD2d 315; *Matter of Fanta*, 242 AD2d 172). The present Federal charges are "essentially similar" to conduct proscribed under the New York statute (*Matter of Margiotta*, 60 NY2d 147, 149), especially insofar as respondent, by knowingly altering his check, knowingly created a written statement containing false information that he then proffered to the IRS in order to deceive, and thus defraud, the government agency (*see, Matter of Silverblatt*, 113 AD2d 1; *Matter of Marilao*, 188 AD2d 146, 148-149, *appeal dismissed* 82 NY2d 747), constituting an analog of the New York felony.

Accordingly, the petition to strike his name from the roll of attorneys should be granted.

WILLIAMS, J. P., TOM, RUBIN, SAXE and BUCKLEY, JJ., concur.

Petition granted, and the name of respondent stricken from the roll of attorneys and counselors-at-law in the State of New York as indicated.