[775 NYS2d 133]

In the Matter of SILVERIO RAMIREZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 22, 2004

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill (Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the Third Judicial Department on July 29, 1986. At all times pertinent to this proceeding, respondent engaged in the practice of law within the First Judicial Department.

On December 17, 2002, respondent was convicted, after a jury trial, in the United States District Court for the Southern District of New York, of conspiracy in violation of 18 USC § 371; fraud and misuse of visas/permits in violation of 18 USC §§ 1546 and 2 (eight counts); making of false statements in violation of 18 USC §§ 1001 and 2 (five counts); and mail fraud in violation of 18 USC §§ 1341 and 2 (11 counts), all felonies. After verdict, respondent was denied bail and remains incarcerated. Respondent has not yet been sentenced.

The Departmental Disciplinary Committee now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) and (e) on that ground that he is subject to automatic disbarment upon his conviction in federal court. The petition was personally served upon respondent on January 2, 2004, at the Metropolitan Detention Center, but he has not appeared in this proceeding or submitted a response.

This Court has repeatedly held that a conviction for making a false written statement to a public agency in violation of 18 USC § 1001 is analogous to the felony of offering a false instrument for filing in the first degree under New York Penal Law § 175.35, a class E felony (*see Matter of Walker*, 257 AD2d 315 [1999]; *Matter of Fanta*, 242 AD2d 172 [1998]). Similarly, this Court has found that the elements of immigration fraud in violation of 18 USC § 1546 are also analogous to the elements of New York Penal Law § 175.35 (*see Matter of Salberg*, 276 AD2d 19 [2000]; *Matter of Monte*, 94 AD2d 275 [1983]). Since respondent's conviction on these particular felonies would constitute felonies under New York law, he is subject to automatic disbarment (Judiciary Law § 90 [4] [e]).

The fact that respondent has not yet been sentenced does not bar petitioner's relief since "for purposes of disciplinary proceedings, a conviction calls for automatic disbarment at the time of plea or verdict rather than upon imposition of sentence" (*Matter of Carpenter*, 305 AD2d 19, 20 [2003]).

Accordingly, as respondent ceased to be an attorney upon his federal conviction, the Disciplinary Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b) and (e).

TOM, J.P., ANDRIAS, SAXE, ELLERIN and MARLOW, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselor-at-law in the State of New York, effective nunc pro tunc to December 17, 2002.