[802 NYS2d 437]

In the Matter of DMITRY SHUBOV, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 20, 2005

### APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Michael S. Ross* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Dmitry Shubov was admitted to the practice of law in the State of New York by the First Judicial Department on November 16, 1998. At all times relevant to these proceedings, respondent has maintained his principal place of business in San Francisco, California.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), on the ground that the federal criminal offense he pleaded guilty to, namely, unlawful access to stored communications and aiding and abetting thereof, if committed in New York, would be a felony and thus, is a proper predicate for automatic disbarment (Judiciary Law § 90 [4] [e]; *see Matter of Kim,* 209 AD2d 127 [1995]).

Respondent cross-moves seeking an order that, among other things, denies petitioner's motion to disbar and finds that the New York counterpart to the federal crime to which he pleaded guilty is a misdemeanor, not a felony.

For purposes of the application of Judiciary Law § 90 (4) (a), which authorizes automatic disbarment of an attorney upon conviction of a felony, Judiciary Law § 90 (4) (e) defines the term "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." The out-of-jurisdiction felony must be essentially similar, but not necessarily identical to, an offense classified as a felony in New York (*Matter of Margiotta,* 60 NY2d 147, 149-150 [1983]).

Respondent was charged in an indictment filed in the United States District Court for the Central District of California with unlawful access to stored communications in violation of 18 USC § 2701 and aiding and abetting thereof in violation of 18 USC § 2 (b) (counts 1-3), and making a false statement to the FBI in violation of 18 USC § 1001 (count 4).

On October 1, 2004, pursuant to a plea agreement, respondent pleaded guilty to count one of the indictment, namely, unlawful access to stored communications and aiding and abetting in violation of 18 USC §§ 2701 and 2 (b), which is a federal

felony. Count one involved the deletion of a voice mail on August 27, 2003. On January 3, 2005, respondent was sentenced to probation for a term of two years, ordered to pay a $5,000 fine and a special assessment of $100.

There is no New York State felony counterpart to the federal felony of unlawful access to stored communications. Nevertheless, where the elements of an out-of-jurisdiction felony do not precisely correspond to the elements of a New York felony, this Court may look beyond the elements and consider admissions made in the plea allocution (*see Matter of Mercado*, 1 AD3d 54, 55-56 [2003]; *Matter of Peiffer*, 274 AD2d 158, 159 [2000]), which may also be read in conjunction with the indictment (*Matter of Kaye*, 217 AD2d 197, 198 [1995]).

During respondent's plea allocution the court noted that the parties stipulated that the plea agreement, which basically tracked the indictment, would be "considered part of the record of [the] guilty plea as if the entire agreement had been read into the record of the proceeding." The court then reviewed on the record certain components of the plea agreement "[f]irst, that you intentionally accessed or caused the access of a facility through which an electronic communication service is provided; second, you did not have authorization to make such access; third, by such access you altered, caused the altering of, or obtained a wire or electronic communication in electronic storage; and, fourth, you committed such acts for the purpose of commercial advantage or private commercial gain."

The court then summarized the following facts as stated in the plea agreement: respondent was the CEO and founder of a San Francisco-based company called Legalmatch.com, which is in the business of matching attorneys with clients and charging a fee for that service. Casepost, Inc., is a competitor of Legalmatch. On or about August 27, 2003, September 7, 2003, and September 30, 2003, respondent called Casepost's voice mail system, either from his cellular telephone or from a telephone at Legalmatch, for the purpose of obtaining commercial advantage over Casepost. He logged into Casepost's voice mail system and reviewed and deleted voice mails. In addition, on or about February 11, 2004, respondent falsely stated to the FBI that he had not accessed or deleted Casepost's voice mail. Respondent also acknowledged that he faced the prospect of having his law license revoked as a consequence of his guilty plea.

In order for a defendant to be guilty of unlawful access to stored communications (18 USC §§ 2701, 2 [b]), the following

must be true: 1. the defendant intentionally accessed, or caused the access of, a facility through which an electronic communication service is provided; 2. defendant did not have authorization to make such access; 3. by such access, defendant altered, caused the altering of, or obtained a wire or electronic communication in electronic storage; and 4. *defendant committed such acts for the purpose of commercial advantage or private commercial gain.*

The Committee argues that respondent's admissions at his plea allocution and pursuant to the plea agreement are sufficient to establish the elements of computer trespass (Penal Law § 156.10) and computer tampering in the third degree (Penal Law § 156.25 [3]), both New York felonies and, therefore, his offense constitutes a proper predicate for automatic disbarment.

"A person is guilty of computer trespass when he knowingly uses or causes to be used a computer or computer service without authorization and: 1. he does so with an intent to commit or attempt to commit or further the commission of any felony; or 2. he thereby knowingly gains access to computer material" (Penal Law § 156.10). As relevant herein, " *'Computer material'* is property and means any computer data or computer program which . . . is not intended to be available to anyone other than the person or persons rightfully in possession thereof or selected persons having access thereto . . . and which accords or *may* accord such rightful possessors an advantage over competitors or other persons who do not have knowledge or the benefit thereof" (Penal Law § 156.00 [5] [c] [emphasis added]). If the material accessed is "computer material" then the offense is a felony, if it is merely computer "data" then the offense is a misdemeanor.

As relevant herein, a person is guilty of computer tampering in the third degree when he commits the crime of computer tampering in the fourth degree (when a person uses or causes to be used a computer or computer service, without the right to alter or destroy a computer program or data, intentionally does so) *and* "3. he intentionally alters in any manner or destroys computer *material*" (Penal Law § 156.25 [3] [emphasis added]).

Respondent contends that neither the plea allocution nor the plea agreement contains facts which prove that the deleted voice mail was "computer material" because, according to respondent, it was personal in nature not business related. The plea agreement and respondent's allocution are silent as to the content of the deleted voice mail. Thus, he argues that "my

deleting a personal voice mail message neither accorded, nor could have accorded, me or Legalmatch any commercial advantage over our competitor Casepost" and, therefore, does not constitute the New York felonies of computer trespass or computer tampering in the third degree, but rather misdemeanors.

We note that respondent pleaded guilty to having accessed the voice mail without authorization and having altered the voice mail for the purpose of commercial advantage. When respondent was given the opportunity to comment on the court's recitation of facts at allocution, he stated that it was not complete, but was accurate, and he did not take the opportunity to elaborate. While the indictment and plea are silent with regard to the content of the voice mail respondent deleted, his plea allocution clearly creates the inference that the voice mail constituted "computer material." Hence, we conclude that the plea set forth misconduct essentially similar to the aforementioned New York felonies and thereby warrants automatic disbarment (*Matter of Margiotta, supra*).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b). In addition, respondent's cross motion should be denied.

ELLERIN, J.P., NARDELLI, WILLIAMS, GONZALEZ and SWEENY, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc to October 1, 2004.