OPINION OF THE COURT
Per Curiam.
*389 Respondent David A. Mahler[1] was admitted to the practice of law in the State of New York by the First Judicial Department on August 12, 1991.[2] He does not maintain an office for the practice of law within this Department, and has not registered with the Office of Court Administration since the 1991-1992 registration period.[3] By order entered September 17, 1998, this Court suspended respondent from the practice of law until further order of this Court, based on his failure to comply with the attorney registration requirements of Judiciary Law § 468-a.
By information entered July 16, 2007, respondent was charged in the Superior Court of California, County of Los Angeles, with the murder of his girlfriend, Kristin Baldwin, in violation of California Penal Code § 187 (a) (count one), and assault with a firearm upon his roommate, David Van Develde, in violation of California Penal Code § 245 (a) (2) (count two), both felonies in California.
On September 14, 2009, a jury found respondent not guilty of murder in the first degree, but guilty of murder in the second degree, and further found that, in the commission of that offense, respondent “personally and intentionally discharged a firearm, namely: a handgun, which cause[d] great bodily injury and death to Kristin Baldwin within the meaning of Penal Code Section 12022.53 (d).” The jury also found respondent guilty of assault with a firearm upon David Van Develde. On October 9, 2009, respondent was sentenced to a prison term of 40 years to life on the murder count (15 years to life for murder, plus 25 years to life as an enhancement for use of a firearm) to run consecutively to a term of three years on the assault count.
The Departmental Disciplinary Committee (Committee) now petitions this Court for an order pursuant to Judiciary Law § 90 (4) (b) striking respondent’s name from the roll of attorneys on the ground that he was automatically disbarred as a result of *390 his conviction of California felonies that would constitute felonies if committed under New York law.[4]
A conviction of a felony under another State’s laws does not trigger automatic disbarment unless the offense would constitute a felony under New York’s Penal Law (Judiciary Law § 90 [4] [e]; Matter of Kim, 209 AD2d 127 [1995]). The foreign felony need not be a “mirror image” of the New York felony, but must be “essentially similar” (Matter of Margiotta, 60 NY2d 147, 150 [1983]; Matter of Shubov, 25 AD3d 33 [2005]).
California Penal Code § 187 (a) defines murder as “the unlawful killing of a human being . . . with malice aforethought.”[5] Section 188 provides that “malice” can be either “express or implied,” and explains:
“It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied, when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart.
“When it is shown that the killing resulted from the intentional doing of an act with express or implied malice as defined above, no other mental state need be shown to establish the mental state of malice aforethought. Neither an awareness of the obligation to act within the general body of laws regulating society nor acting despite such awareness is included within the definition of malice.”
The California Supreme Court has explained that
“[m]alice is implied when the killing is proximately caused by an act, the natural consequences of which are dangerous to life, which act was deliberately performed by a person who knows that his conduct endangers the life of another and who acts with con *391 scious disregard for life. In short, implied malice requires a defendant’s awareness of engaging in conduct that endangers the life of another—no more, and no less” (People v Knoller, 41 Cal 4th 139, 143, 158 P3d 731, 733 [2007] [internal quotation marks and citation omitted]).
The Committee contends that the California murder statute is essentially similar to the New York felony of murder in the second degree (Penal Law § 125.25). There is no indication in the California jury’s verdict whether the malice aforethought was express or implied. If the murder were committed with express malice, it would be essentially similar to New York’s intentional murder statute (Penal Law § 125.25 [1]) because both statutes require an intent to cause the death of another person.
The Committee argues that implied malice murder under the California statute is essentially similar to New York’s depraved indifference murder statute (Penal Law § 125.25 [2]). Although an argument can be made that implied malice murder under California law is different from New York’s depraved indifference murder, we need not decide that issue because, at the very least, the California statute, supported by the jury verdict, is essentially similar to the New York felony of manslaughter in the second degree (Penal Law § 125.15). Under that provision, a person is guilty of manslaughter in the second degree when “[h]e recklessly causes the death of another person.” (§ 125.15 [1].) Penal Law § 15.05 (3) states that “[a] person acts recklessly with respect to a result. . . when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur.” Implied malice murder, as interpreted by the California Supreme Court, has, at least, essentially the same mental state as reckless manslaughter in New York. Thus, under any analysis of the California statute, respondent would have committed a New York felony.[6]
Accordingly, the petition is granted, and respondent’s name is stricken from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (a) and (b), on the ground that he was automatically disbarred as a result of his conviction of murder under California Penal Code § 187 (a), a California felony that would constitute a felony if committed under New York law, effec *392 tive nunc pro tunc to September 14, 2009, the date of his conviction.
Gonzalez, EJ., Catterson, Moskowitz, Renwick and Richter, JJ., concur.
Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to September 14, 2009.

. Respondent is currently incarcerated and has not submitted any papers in this matter.

. The Committee states in its petition that respondent was admitted on September 11, 1991; however, the Office of Court Administration database lists August 12, 1991 as his admission date, as does this Court’s order of suspension.

. As the admitting Department, this Court retains continuing disciplinary jurisdiction over respondent (22 NYCRR 603.1 [a]).

. The Committee initially attempted service of the petition upon respondent on March 18, 2010 by first class and certified mail to the detention center address provided by the California authorities. Both mailings were returned to the Committee with the stamping “released.” The Committee reserved respondent by first class and certified mail on April 5, 2010 to the new detention facility provided by the California authorities. Respondent has not submitted any response in this matter.

. California Penal Code § 189 defines first degree murder as including certain enumerated types of murders. The statute states that “[a]ll other kinds of murders are of the second degree.”

. In light of our conclusion, we need not determine whether the California felony of assault with a firearm is essentially similar to a New York felony.