[915 NYS2d 244]

In the Matter of SALVADOR COLLAZO, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JU-
DICIAL DEPARTMENT, Petitioner.

First Department, January 11, 2011

#### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Com-
mittee*, New York City (*Kim Peterson* of counsel), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent Salvador Collazo was admitted to the practice of
law in the State of New York by the First Judicial Department

on June 16, 1980. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On April 16, 2010, respondent was convicted, after a jury trial, in the United States District Court for the Southern District of New York, of conspiracy to commit visa fraud and immigration fee fraud in violation of 18 USC § 371 (one count); visa fraud in violation of 18 USC § 1546 (a) (one count); and making false statements in violation of 18 USC §§ 1001 and 1002 (one count), all felonies. On October 14, 2010, respondent was sentenced to two years' incarceration, two years of supervised release and ordered to make $36,000 in restitution.

The criminal charges against respondent alleged that from in or about 2000 to in or about 2008, respondent and his codefendant paralegal ran an immigration law practice in Bronx County during which time they prepared hundreds of fraudulent applications for amnesty and other immigration related benefits and filed those applications with the U.S. Department of Citizenship and Immigration Services. In addition, it was alleged that in November 2005, respondent falsely signed, under penalty of perjury, an amnesty application avowing that he had personal knowledge of the information contained therein and that the information had been provided to him directly by the applicant.

The Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that his federal conviction is a proper predicate for automatic disbarment (Judiciary Law § 90 [4] [e]; *Matter of Novich*, 285 AD2d 136 [2001]). Respondent has submitted a pro se response wherein he simply states that he is "not contesting the motion," that he is appealing his conviction and requesting that the details of this disciplinary matter remain confidential pursuant to Judiciary Law § 90 (10) and 22 NYCRR 603.11 (d).

"[A] conviction of a [f]ederal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law" (*see Matter of Kim*, 209 AD2d 127, 129 [1995]; Judiciary Law § 90 [4] [e]). The federal felony need not be a "mirror image" of the New York felony in that it need not correspond in every detail, but it must be essentially similar (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]; *Matter of Shubov*, 25 AD3d 33 [2005]).

The Committee correctly contends that automatic disbarment under section 90 (4) (b) is appropriate in this case because we have

repeatedly held that a conviction for making a false written statement to a public agency in violation of 18 USC § 1001 is analogous to the felony of offering a false instrument for filing in the first degree under New York Penal Law § 175.35, a class E felony (*see Matter of Ramirez*, 7 AD3d 52 [2004]; *Matter of Walker*, 257 AD2d 315 [1999]; *Matter of Fanta*, 242 AD2d 172 [1998]). Similarly, we found that the elements of immigration fraud in violation of 18 USC § 1546 are also analogous to the elements of New York Penal Law § 175.35 (*see Matter of Ramirez, supra; Matter of Salberg*, 276 AD2d 19 [2000]; *Matter of Monte*, 94 AD2d 275 [1983]). Since respondent's felony conviction is "essentially similar" to a New York felony, automatic disbarment is therefore appropriate (*Matter of Harnisch*, 7 AD3d 58 [2004]; *Matter of Mercado*, 1 AD3d 54 [2003]; *Matter of Muraskin*, 302 AD2d 33 [2002]).

Regarding respondent's request to keep this matter confidential, it should be noted that Judiciary Law § 90 (10) keeps disciplinary matters confidential until public discipline is imposed. Since we are ordering respondent's disbarment, his request is denied.

Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselor-at-law pursuant to Judiciary Law § 90 (4) (b), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to April 16, 2010.

FRIEDMAN, J.P., SWEENY, MOSKOWITZ, DEGRASSE and FREEDMAN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 16, 2010.