[959 NYS2d 444]

In the Matter of ADAM M. WRIGHT (Admitted as ADAM MORGAN WRIGHT), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 26, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Marvin E. Schechter*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Adam M. Wright was admitted to the practice of law in the State of New York by the First Judicial Department on June 19, 1978 under the name Adam Morgan Wright. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On January 12, 2012, respondent was convicted, upon his plea of guilty, in the United States District Court for the Southern District of New York, of aiding and abetting other individuals in making false statements on applications to the U.S. Citizenship and Immigration Services in violation of 18 USC § 1546 (a), a class C felony. On June 4, 2012, respondent was sentenced to 18 months' probation with the first four months to be served in home confinement, 500 hours of community service to be served during the period of his probation, a $10,000 fine, and forfeiture of $7,200.

During his plea allocution, respondent admitted that from 2000-2011, he knowingly and willfully aided others in filing false statements with respect to a material fact under oath which were then submitted to the U.S. Citizenship and Immigration Services, specifically, immigration applications which indicated that his clients lived at the same address (as if they were married) when, in fact, that was not true.

The Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that his federal conviction is a proper predicate for automatic disbarment (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16 [1st Dept 2009]). Respondent has submitted a letter by his counsel wherein he advises that he does not wish to contest the Committee's petition to strike.

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law (*see Matter of Kim*, 209 AD2d 127, 129 [1st Dept 1995]; Judiciary Law § 90 [4] [e]). The federal felony need not be a "mirror image" of the New York felony in that it need not correspond in every detail, but it must be essentially similar (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]; *see Matter of Shubov*, 25 AD3d 33 [1st Dept 2005]).

The Committee correctly contends that automatic disbarment under section 90 (4) (b) is appropriate in this case as we have held that the elements of immigration fraud in violation of 18 USC § 1546 are analogous to the felony of offering a false instrument for filing in the first degree under New York Penal Law § 175.35, a class E felony (*see Matter of Collazo*, 81 AD3d 220 [1st Dept 2011]; *Matter of Ramirez*, 7 AD3d 52 [1st Dept 2004]). Since respondent's felony conviction is "essentially similar" to a New York felony, automatic disbarment is therefore appropriate (*Matter of Harnisch*, 7 AD3d 58, 59 [2004] [internal quotation marks omitted]; *see Matter of Mercado*, 1 AD3d 54 [2003]; *Matter of Muraskin*, 302 AD2d 33 [2002]).

Accordingly, the Committee's motion to strike respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 12, 2012.

MAZZARELLI, J.P., ANDRIAS, SWEENY, MOSKOWITZ and RENWICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 12, 2012.