[977 NYS2d 248]

In the Matter of EDWARD R. ADAMS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 31, 2013

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Kevin P. Culley* of counsel), for petitioner.

*Windels Marx Lane Mittendorf, LLP* (*Charles E. Simpson* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Edward R. Adams was admitted to the practice of law in the State of New York by the Second Judicial Department on November 14, 1979. At all times relevant to this proceeding, respondent maintained a law office within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b). The relief is sought based upon respondent's June 10, 2013 guilty plea, in the United States District Court for the Southern District of New York, to one count of conspiracy to commit wire fraud in violation of 18 USC §§ 371 and 1343, a federal felony. Respondent has not filed opposition to the motion.

A conviction of a federal felony only triggers automatic disbarment if the offense would constitute a felony under the New York Penal Law (Judiciary Law § 90 [4] [a], [e]; *Matter of Kim,* 209 AD2d 127 [1st Dept 1995]). If it is not a "mirror image," the federal felony must be "essentially similar" to a New York felony, and this similarity can be shown in admissions under oath made during a respondent's plea allocutions, read in

conjunction with the federal indictment or information (*Matter of Sorin*, 47 AD3d 1, 3 [1st Dept 2007]).

During his federal plea allocution, respondent admitted to conduct that would constitute the New York felony of scheme to defraud in the first degree, an E felony requiring proof that the defendant

> "engage[d] in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons" (Penal Law § 190.65 [1] [b]).

Specifically, respondent admitted that he and a co-conspirator negotiated with a real estate investment company to solicit investors for a condominium project purportedly in development. Respondent served as the escrow agent for the investor funds accounts, which contained over $4.7 million, and released these funds to the co-conspirator although he knew that neither the investors nor the escrow agreement had allowed him to do so. He further admitted to concealing the improper fund withdrawals by withholding a requested accounting of the escrow funds from investors and by making false and misleading statements in emails. No work has been performed on the purported real estate project and no money has been returned to the investors.

Respondent's admitted conduct satisfies the elements of the New York felony of scheme to defraud in the first degree and, therefore, his plea triggered automatic disbarment under Judiciary Law § 90 (4) (a) (*see Matter of Sheinbaum*, 47 AD3d 49 [1st Dept 2007]; *Matter of Ramirez*, 7 AD3d 52 [1st Dept 2004]).

Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to June 10, 2013.

ANDRIAS, J.P., FRIEDMAN, RENWICK, FREEDMAN and FEINMAN, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 10, 2013.