[981 NYS2d 575]

In the Matter of DAVID GRIFFITHS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 12, 2014

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

On May 30, 2012, the respondent was found guilty, following a jury trial in the United States District Court for the Southern District of New York (Hellerstein, J.), on all three counts of a federal information, to wit: making false statements to the government in documentary submissions made pursuant to a grand jury subpoena, in violation of 18 USC § 1001 (count one); obstruction of justice, based upon the foregoing, in violation of 18 USC § 1512 (c) (2) (count two); and mail fraud related to the submission of an application for funding from the Dormitory Authority of the State of New York, which contained false statements, in violation of 18 USC § 1341 (count three).

On or about May 14, 2013, the respondent was sentenced to, inter alia, three concurrent five-month periods of incarceration, followed by two years of supervised release. The court also imposed a $10,000 fine and a $300 criminal penalty, and required the respondent to complete 75 hours of community service.

As revealed in the United States Government's sentencing memorandum, and the District Court's order denying the respondent's posttrial motions, the respondent unilaterally appointed himself executive director of Neighborhood Enhancement Training Services (hereinafter NETS), a not-for-profit corporation located in the Bronx, which was established to help poor constituents in the district of then-Assemblyman Peter M. Rivera, who asked the respondent to help NETS renovate a building it had purchased. At or about that time, the respondent was treasurer of Assemblyman Rivera's political campaign, worked in Assemblyman Rivera's law office, and ran Assemblyman Rivera's for-profit corporation, R & S Group, Inc. (hereinafter R & S). In his role as executive director of NETS, the respondent unilaterally authorized payment of a salary, and other funds, to himself.

Counts one and two of the federal information arose from the respondent's production of documents to the FBI, in response

to a grand jury subpoena, purporting to be the minutes of two meetings of the Board of Directors of NETS. At trial, the jury found that the purported minutes provided by the respondent falsely stated that the Board of Directors of NETS had certain discussions, and took certain actions related to the respondent's salary, both prospective and retroactive, and that the respondent accepted alleged loans from Assemblyman Rivera's law firm and R & S.

Count three arose from the respondent's mailing of a "grantee questionnaire" to the Dormitory Authority of the State of New York, in which he falsely represented that, within the preceding five years, neither NETS, nor any director or officer of NETS, nor any affiliated or related companies, had been the subject of a criminal investigation, a civil investigation by any governmental agency, or any tax liens or judgments.

As stated by the Court of Appeals in *Matter of Margiotta* (60 NY2d 147, 150 [1983]):

> "The Judiciary Law provides for automatic disbarment when an attorney is convicted of a felony. Under this section, an offense committed in any other State, district or territory of the United States where it is classified as a felony is determined to be a felony when it 'would constitute a felony in this state.' (Judiciary Law § 90, subd 4, par e.) For purposes of this determination, the felony in the other jurisdiction need not be a mirror image of the New York felony, precisely corresponding in every detail, but it must have essential similarity."

The elements of making false statements to the government in documentary submissions, in violation of 18 USC § 1001, are "essentially similar" to the elements of the New York felony of offering a false instrument for filing in the first degree, in violation of Penal Law § 175.35 (*see Matter of Collazo*, 81 AD3d 220 [2011]).

By virtue of his felony conviction, the respondent was automatically disbarred and ceased to be an attorney pursuant to Judiciary Law § 90 (4) (a).

The Grievance Committee for the Ninth Judicial District moves to strike the respondent's name from the roll of attorneys and counselors-at-law. The respondent has taken no position with respect to the Grievance Committee's motion. Accordingly, the Grievance Committee's motion to strike the respondent's

name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b), is granted to reflect the respondent's disbarment as of May 30, 2012.

ENG, P.J., MASTRO, SKELOS, DILLON and HINDS-RADIX, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, David Griffiths, is disbarred, effective May 30, 2012, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, David Griffiths, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, David Griffiths, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, David Griffiths, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).