[13 NYS3d 87]

In the Matter of MARC E. VERZANI (Admitted as MARC EDWARD VERZANI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 14, 2015

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin P. Culley* of counsel), for petitioner.

*Pery D. Krinsky*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Marc E. Verzani was admitted to the practice of law in the State of New York by the Third Judicial Department on August 27, 2003, under the name Marc Edward Verzani. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On October 29, 2013, respondent was convicted, upon his plea of guilty, in the United States District Court for the Southern District of New York, of one count of making a false statement on a United States Customs and Border Protection form (USCBP), in violation of 18 USC § 1001, a felony. On June 3, 2014, respondent was sentenced to two years of probation and a $100 assessment was imposed.

Respondent's conviction arose from his submission, on or about September 13, 2011, of a USCBP form 6059B on which he falsely stated that the only country he had visited while outside the United States was Mexico, when in fact he had also traveled to Cuba.

By notice of petition, the Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the grounds that he was convicted of a felony as defined by Judiciary Law § 90 (4) (e) and has therefore been automatically disbarred; or, in the alternative, determining that the crime of which respondent was convicted is a "serious crime" (Judiciary Law § 90 [4] [d]; Rules of App Div, 1st Dept [22 NYCRR] § 603.12 [b]); immediately suspending him from the practice of law (Judiciary Law § 90 [4] [f]); and directing respondent to show cause before a referee or hearing panel as to why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [g]); and granting such other relief as this Court may deem just and proper.

The Committee contends that "automatic" disbarment is warranted here because respondent's conviction of a federal felony would constitute a felony under the New York Penal Law. Respondent argues that, inter alia, his federal conviction is analogous to a conviction for offering a false instrument for filing in the second degree (Penal Law § 175.30), a class A misdemeanor, and thus should be deemed a "serious crime" for which he is entitled to a sanction hearing.

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]). For such a determination, the federal felony need not be a "mirror image" of the New York felony, but it must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Even where the elements of the foreign jurisdiction's statute do not directly correspond to a New York felony, essential similarity may be established by admissions made under oath during a plea allocution, considered in conjunction with the indictment or information (*Matter of Amsterdam*, 26 AD3d 94 [1st Dept 2005]).

This Court has repeatedly held that a federal conviction under 18 USC § 1001 is analogous to the New York felony of offering a false instrument for filing in the first degree under Penal Law § 175.35, a class E felony, based on facial similarity of the statutory language (*see Matter of Collazo*, 81 AD3d 220 [1st Dept 2011]; *Matter of Ramirez*, 7 AD3d 52 [1st Dept 2004]). Even if the statutes were not analogous, respondent's allocution, in which he admitted that he willfully concealed a material fact on his USCBP form 6059B, taken in conjunction with the information, demonstrates "essential similarity" between the statutes sufficient to strike respondent's name from the rolls (*see e.g. Matter of Adams*, 114 AD3d 1 [1st Dept 2013]).

Accordingly, the Committee's petition is granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to October 29, 2013, the date of his conviction.

GONZALEZ, P.J., MAZZARELLI, ANDRIAS, DEGRASSE and KAPNICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 29, 2013.