[51 NYS3d 419]

In the Matter of LORETO S. KUDERA (Admitted as LORETO SU-AREZ KUDERA), an Attorney, Respondent. ATTORNEY GRIEV-ANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 4, 2017

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Sinan Aydiner* of counsel), for petitioner.

*Michael S. Ross*, for respondent.

Per Curiam.

Respondent Loreto S. Kudera was admitted to the practice of law in the State of New York by the First Judicial Department on March 5, 2007, under the name Loreto Suarez Kudera. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On June 9, 2016, respondent was convicted in the United States District Court for the District of Vermont, upon his plea of guilty, of conspiracy to commit immigration fraud, a felony, in violation of 18 USC §§ 371 and 1546 (a). On January 31, 2017, respondent was sentenced to two years' probation and was required to pay a $25,000 fine.

The underlying information alleged that from about 2009 through 2014, respondent and his nonlawyer wife, who owned a healthcare staffing company located in New York City, applied to the U.S. Citizenship and Immigration Services Vermont Service Center for H-1B visas for three individuals under false or fraudulent pretenses. Respondent admitted during his plea allocution that in exchange for money, he falsely represented in the application documents that the registered nurse applicants were working in "specialty occupations," a requirement for obtaining an H-1B visa, when he and his wife knew that they were not.

The Attorney Grievance Committee now seeks an order pursuant to Judiciary Law § 90 (4) (a) and (b) striking respondent's name from the roll of attorneys, or alternatively, an order determining that the crime of which respondent has been convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), and immediately suspending him from the practice of law and directing him to show cause before a referee appointed by the Court, why a final order of censure, suspension or disbarment should not be made. Respondent does not oppose the striking of his name from the roll of attorneys but requests that any order striking his name be imposed nunc pro tunc to July 5, 2016, the date he ceased practicing law.

"[A] conviction of a [f]ederal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law" (*see Matter of Kim*, 209 AD2d 127,

129 [1st Dept 1995]; Judiciary Law § 90 [4] [e]). The federal felony need not be a "mirror image" of the New York felony in that it need not correspond in every detail, but it must be essentially similar (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]).

Automatic disbarment under Judiciary Law § 90 (4) (b) is appropriate because respondent's federal conviction for conspiracy to commit immigration fraud through the making of material false statements is essentially similar to the New York felony of offering a false statement for filing in the first degree, in violation of Penal Law § 175.35 (*see Matter of David*, 102 AD3d 23, 25 [1st Dept 2012]; *Matter of Collazo*, 81 AD3d 220 [1st Dept 2011]).

Accordingly, the petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to June 9, 2016.

ACOSTA, J.P., RICHTER, ANDRIAS, KAHN and GESMER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.