[751 NYS2d 191]

In the Matter of DAVID V. MURASKIN (Admitted as DAVID VAN MURASKIN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 10, 2002

### APPEARANCES OF COUNSEL

*Christine C. Anderson* (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent David V. Muraskin was admitted to the practice

of law in New York by the First Judicial Department on February 25, 1974 as David Van Muraskin. At all times relevant to these proceedings, he maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's name from the roll of attorneys on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e).

By an information filed on December 21, 2001, respondent was charged in the United States District Court for the Southern District of New York with one count of wire fraud in violation of 18 USC §§ 1343, 1346 and 2, stemming from two incidents in which respondent defrauded clients of settlement proceeds, by means of wire communication. On January 10, 2002, respondent pleaded guilty to the sole count of the information, wire fraud, and on July 30, 2002, respondent was sentenced to 24 months incarceration, three years supervised release, and ordered to make restitution of $561,000 to his two clients.

During his plea allocution, respondent admitted that from June 1996 to January 2001, he took money from settlements made on behalf of two clients in excess of the amounts to which he was lawfully entitled. He further admitted that he telephoned one client in the Dominican Republic to inform him that there was a settlement in the case, and telephoned the other client in New York and misrepresented in that conversation the amount of the settlement.

A felony of another jurisdiction need not be a mirror image of the New York felony to satisfy Judiciary Law § 90 (4) (e); rather, the two must be essentially similar (see Matter of Margiotta, 60 NY2d 147, 150). Violations of the federal wire fraud statute, 18 USC § 1343, have been held to be essentially similar to the New York felonies of grand larceny in the second degree (Penal Law § 155.40) and scheme to defraud in the first degree (Penal Law § 190.65) (see Matter of Ashley, 263 AD2d 70). In view of the acts to which respondent admitted in his guilty plea, read in conjunction with the accusatory instrument (see Matter of Peiffer, 274 AD2d 158, 159), we conclude that the federal felony of which he stands convicted is essentially similar to the New York felonies of grand larceny in the second degree (Penal Law § 155.40) and scheme to defraud in the first degree (Penal Law § 190.65). Therefore, the federal felony

conviction provides a proper predicate for respondent's automatic disbarment.

On August 4, 2002, respondent submitted his resignation to the Disciplinary Committee. Respondent's resignation cannot be accepted since his disbarment was automatic and effective upon his conviction (*Matter of Jacobi*, 293 AD2d 77). Respondent has not opposed the relief sought on the current motion.

Accordingly, as respondent ceased to be an attorney upon entry of his guilty plea, the petition should be granted and respondent's name stricken from the roll of attorneys in the State of New York pursuant to Judiciary Law § 90 (4) (b).

WILLIAMS, P.J., TOM, MAZZARELLI, SAXE and LERNER, JJ., concur.

Respondent's name stricken from the roll of attorneys in the State of New York, nunc pro tunc to January 10, 2002.