[928 NYS2d 497]

In the Matter of KENNETH I. STARR (Admitted as KENNETH IRA STARR), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 4, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jeremy S. Garber* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Kenneth I. Starr was admitted to the practice of law in the State of New York by the Second Judicial Department on December 13, 1967. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

In April 2010, respondent was charged in a multicount indictment filed in the United States District Court for the Southern District of New York with various wire fraud and money laundering charges, among others. On September 10, 2010, respondent pleaded guilty to three counts of the indictment, including wire fraud and money laundering.* On March 2, 2011, respondent was sentenced to a prison term of 90 months (7½ years), three years of supervised release, restitution of an amount to be determined in a future order but not more than $50 million and no less than $29,112,782, and a forfeiture of $29,112,782.

The Departmental Disciplinary Committee now seeks, inter alia, an order pursuant to Judiciary Law § 90 (4) (a) striking respondent's name from the roll of attorneys on the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Respondent does not contest disbarment.

The underlying federal felonies of wire fraud and money laundering have "no direct felony analogs under New York law" (see Matter of Mercado, 1 AD3d 54, 55 [2003]; Matter of Klein, 28 AD3d 102 [2006]; Matter of Stern, 205 AD2d 162 [1994]). However, a conviction of a federal felony will trigger automatic disbarment if an equivalent felony exists under New York law which has "essential similarity" to the federal crime (see Matter of Margiotta, 60 NY2d 147, 150 [1983]). Essential similarity between the elements of the New York felony and the foreign felony may be established in the admissions under oath made during a respondent's plea allocution (Mercado, 1 AD3d at 55-56) which may be read in conjunction with the federal indictment (see Matter of Peiffer, 274 AD2d 158, 159 [2000]).

At his plea allocution, respondent admitted that, from 2009 to 2010, while acting as a financial advisor, he knowingly used a

---

* Respondent also pleaded guilty to fraud as an investment advisor.

portion of money entrusted to him by his clients for his own purposes, diverting client funds by first wiring the funds to an attorney trust account, so as to conceal the true source of the funds. As an example, respondent admitted that, on or about January 5, 2010, he transferred $1 million from a client's account to the attorney trust account and later used that money for his own purposes. As another example, respondent admitted encouraging a client to make a $500,000 investment in a company without disclosing that the investment was a loan. Respondent further admitted that, when he transferred the money to another attorney's trust account, he knew that money was not his and that it belonged to his clients and that he did so for his own purposes.

Since respondent admitted to conduct which satisfies the elements of scheme to defraud in the first degree, a New York class E felony, and grand larceny in the second degree, a New York class C felony (*see* Penal Law §§ 155.40, 190.65; *Mercado* at 56; *Matter of Muraskin*, 302 AD2d 33 [2002]), he is subject to automatic disbarment (*see Matter of Harnisch*, 7 AD3d 58 [2004]), which he does not contest.

Accordingly, the Disciplinary Committee's petition, insofar as it seeks to strike respondent's name from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b) should be granted, effective nunc pro tunc to September 10, 2010.

ANDRIAS, J.P., SWEENY, MOSKOWITZ, RENWICK and RICHTER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to September 10, 2010.