[961 NYS2d 167]

In the Matter of Jonathan S. Dickstein (Admitted as Jonathan Seth Dickstein), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, March 28, 2013

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on September 18, 1995 as Jonathan Seth Dickstein. At all times relevant to this proceeding, respondent maintained an office for the practice of law within San Francisco, California.

On October 18, 2011, respondent pleaded guilty in the Superior Court of California, County of San Francisco, to 30 felony counts, including grand theft in violation of California Penal Code (CPC) § 487 (a), attempted grand theft in violation of CPC §§ 664 and 487 (a), forgery in violation of CPC § 470 (d), presenting a false or fraudulent claim in violation of CPC § 72, and making fraudulent claims for health care benefits in violation of CPC § 550 (a) (6).

Essentially, respondent and his wife created a phony company called Puzzle Pieces as a way to fraudulently bill for special education and related services for their autistic son. The couple used Puzzle Pieces to over bill and obtain multiple reimbursements for the same services provided to their son by submitting fraudulent claims to their school district, respondent's former law firm Morrison & Foerster, LLP, and a health insurance company.

On November 15, 2011, respondent was sentenced to, inter alia, one year of incarceration followed by five years of probation. Respondent also entered into settlement agreements with the entities involved requiring him to make restitution of approximately $400,000. Respondent agreed not to contest any disbarment proceedings and by order entered August 9, 2012, the Supreme Court of California disbarred respondent (*Matter of Dickstein*, 2012 Cal LEXIS 8293 [2012]).

The Departmental Disciplinary Committee now seeks an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent's

name from the roll of attorneys based on his California convictions for, inter alia, grand theft in violation of CPC § 487 (a) and forgery. The Committee contends that the California felonies are analogous to the New York felonies of grand larceny in the fourth degree, in violation of Penal Law § 155.30 (1), forgery in the second degree, in violation of Penal Law § 170.10 (1), and offering a false instrument for filing in the first degree in violation of Penal Law § 175.35.

Respondent, through counsel, consents to his name being stricken from the rolls, pursuant to Judiciary Law § 90 (4), based on his California convictions. Respondent's counsel notes there is a difference in the statutory definitions of grand theft, as defined by CPC § 487 (a), and grand larceny in the fourth degree, as defined by Penal Law § 155.30 (1), in that the threshold amount under California law at that time was property valued at more than $400. In New York, the felony threshold amount is property valued at more than $1,000. Respondent's counsel concedes that for purposes of this proceeding, the difference in threshold values is "inconsequential" because the conduct that respondent pleaded guilty to involved the theft of property valued at more than $1,000.

Respondent was automatically disbarred upon his felony convictions pursuant to Judiciary Law § 90 (4) (b). A conviction of an out-of-state felony triggers automatic disbarment where the foreign felony at issue would constitute a felony under New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]). For a determination that a foreign felony has a New York analogy, the foreign felony does not have to be a "mirror image" of a New York felony, but must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]; *Matter of Shubov*, 25 AD3d 33 [1st Dept 2005]). This Court begins its determination by comparing the language of the applicable New York and foreign felony statutes, as well as an examination of its own precedent pertaining to the foreign felony at issue. If this initial analysis is inconclusive, "essential similarity" may be established by considering admissions made under oath during a plea allocution, which may be read in conjunction with an indictment or information (*see Matter of Sorin*, 47 AD3d 1 [1st Dept 2007]; *Matter of Amsterdam*, 26 AD3d 94, 96 [1st Dept 2005]).

As noted by respondent's counsel, the two statutes differ as to the required threshold values. Notwithstanding the difference in the values of the two statutes, "essential similarity" may still

be established by looking to respondent's plea admissions and the felony complaint by which he was charged. The felony complaint alleged, in pertinent part, "that the offenses set forth in Counts 1-30 are related felonies, a material element of which is fraud and embezzlement, which involve a pattern of related felony conduct, and the pattern of related felony conduct involves the taking of more than One Hundred Thousand Dollars."

In pleading guilty to three counts of grand theft, respondent admitted that his conduct involved the theft of property with a value in excess of $100,000. Moreover, respondent advised the court that he had agreed to make restitution and entered into settlement agreements with the victims involved to repay approximately $400,000. These admissions correspond to the New York felony of grand larceny in the fourth degree (Penal Law § 155.30 [1]) (see Matter of Starr, 88 AD3d 145 [1st Dept 2011] [respondent, convicted of, inter alia, the federal offenses of wire fraud and money laundering, disbarred based on finding that plea admissions, read in conjunction with indictment, established "essential similarity" with New York felonies of scheme to defraud in the first degree and grand larceny in the second degree]; Matter of Coren, 76 AD3d 285 [1st Dept 2010] [federal conviction for obstruction of justice (18 USC § 1512 [c]), deemed "essentially similar" to New York felony of tampering with physical evidence based on plea admissions read in conjunction with indictment]; Matter of Sorin, 47 AD3d at 2-4 [plea admissions to federal felony of conspiracy to commit securities fraud, mail fraud, and wire fraud (18 USC § 371), read in conjunction with felony information, established "essential similarity" to New York felonies of scheme to defraud in the first degree and offering a false instrument for filing in the first degree]; Matter of Amsterdam, 26 AD3d at 96-97 [federal conviction for conspiracy to defraud U.S. by making false statements (18 USC §§ 371, 3551) resulted in disbarment based upon plea admissions that established all elements of offering a false instrument for filing in the first degree]).

Accordingly, the petition is granted, as respondent ceased to be an attorney authorized to practice law in New York State upon his felony convictions, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York effective nunc pro tunc to October 18, 2011. Having reached a decision on this ground, we need not address respondent's forgery conviction.

ACOSTA, J.P., RENWICK, DEGRASSE, FREEDMAN and RICHTER, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 18, 2011.