*114 OPINION OF THE COURT
Per Curiam.
Respondent James M. Schoenecker was admitted to the practice of law in the State of New York by the First Judicial Department on April 19, 2004 under the name James Michael Schoenecker. At all times relevant to this proceeding, respondent maintained an office for the practice of law in Milwaukee, Wisconsin.
On January 27, 2010, respondent pleaded guilty in Wisconsin Circuit Court, Walworth County, to one count of identity theft, a felony, in violation of Wisconsin Statutes Annotated § 943.201 (2) (a) and was sentenced to, inter alia, two years probation and ordered to make restitution. On March 12, 2010, respondent pleaded no contest in Wisconsin Circuit Court, Waukesha County, to misdemeanor theft, in violation of Wisconsin Statutes Annotated § 943.20 (1) (a), and was sentenced to, inter alia, four months’ incarceration, which was stayed, and one year of probation. The separate charges arose out of respondent’s use of personal information of his former fiancée, without her consent, to forge two checks from her business account made payable to himself in the amounts of $950 and $400, and to create a computer generated check in the amount of $1,750 from the same account, which he unsuccessfully attempted to cash.
The Departmental Disciplinary Committee now petitions this Court for an order, pursuant to Judiciary Law § 90 (4) (b), striking respondent’s name from the roll of attorneys on the ground that his Wisconsin felony conviction for identity theft, in violation of Wisconsin Statutes Annotated § 943.201 (2) (a) is analogous to the New York felony offense of identity theft in the second degree, in violation of Penal Law § 190.79. Respondent was served with the petition but has not submitted a response.*
A conviction of an out-of-state felony does not trigger automatic disbarment, no matter how serious the foreign felony is, unless the foreign felony at issue would constitute a felony under New York Penal Law (Judiciary Law § 90 [4] [e]; Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). The foreign *115 felony need not be a “mirror image” of a New York felony, but must be “essentially similar” (Matter of Margiotta, 60 NY2d 147, 150 [1983]; Matter of Shubov, 25 AD3d 33 [1st Dept 2005]). This Court begins its determination by comparing the language of the applicable New York and foreign felony statutes, as well as an examination of its own precedent pertaining to the foreign felony at issue. If this initial analysis is inconclusive, “essential similarity” may be established by considering admissions made under oath during a plea allocution, which may be read in conjunction with an indictment or information (see Matter of Sorin, 47 AD3d 1 [1st Dept 2007]; Matter of Amsterdam, 26 AD3d 94, 96 [1st Dept 2005]).
Wisconsin Statutes Annotated § 943.201 (2) provides:
“[w]hoever, for any of the following purposes, intentionally uses or, attempts to use, or possesses with intent to use any personal identifying information or personal identification document of an individual, including a deceased individual, without the authorization or consent of the individual and by representing that he or she is the individual, that he or she is acting with the authorization or consent of the individual, or that the information or document belongs to him or her is guilty of a Class H felony:
“(a) To obtain credit, money, goods, services, employment, or any other thing of value or benefit.”
Penal Law § 190.79 provides, in pertinent part:
“[a] person is guilty of identity theft in the second degree when he or she knowingly and with intent to defraud assumes the identity of another person by presenting himself or herself as that other person, or by acting as that other person or by using personal identifying information of that other person, and thereby:
“1. obtains goods, money, property or services or uses credit in the name of such other person in an aggregate amount that exceeds five hundred dollars; or
“2. causes financial loss to such person or to another person or persons in an aggregate amount that exceeds five hundred dollars.”
*116 Although, the two statutes differ in that the New York statute requires that there be an actual theft or loss of property with a value in excess $500, “essential similarity” may still be established by looking to respondent’s plea admissions and the information by which he was charged. Count one of the information alleged, in pertinent part:
“[t]he above named defendant. . . did use, attempt to use, or possess with intent to use personal identifying information or personal identification document(s) of [respondent’s fiancée] to obtain credit, money, goods, services, employment, or anything else of value or benefit without the individual’s authorization or consent by representing that the defendant was the victim, or that the defendant was acting with the authorization or consent of the victim, or that the information or document belonged to him . . . .”
In pleading guilty to count one, respondent adopted admissions made by his defense counsel that he stole $950 in funds from his former fiancée through the use of a forged check. This admitted theft of money with a value that exceeded $500 corresponds to the New York felony of identity theft in the second degree (Penal Law § 190.79; see Matter of Dickstein, 105 AD3d 77 [1st Dept 2013]; Matter of Starr, 88 AD3d 145 [1st Dept 2011]).
Accordingly, the petition is granted, as respondent ceased to be an attorney authorized to practice law in New York State upon his felony conviction, and respondent’s name is stricken from the roll of attorneys and counselors-at-law in the State of New York effective nunc pro tunc to January 27, 2010.
Andrias, J.P., Saxe, Moskowitz, Manzanet-Daniels and Gische, JJ., concur.
Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to January 27, 2010.

 In July 2011, the Wisconsin Supreme Court suspended respondent for three years based on his criminal conduct and other acts of misconduct which included, inter alia, submission of fraudulent legal bills to a client and false statements made in connection with his chapter 7 bankruptcy petition (336 Wis 2d 253, 804 NW2d 686 [2011]). In March 2012, the District of Columbia Court of Appeals disbarred respondent based on his Wisconsin felony conviction (50 A3d 457 [App DC 2012]).