[29 NYS3d 802]

In the Matter of MATTHEW S. NEUGEBOREN (Admitted as MATTHEW SETH NEUGEBOREN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 10, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Matthew S. Neugeboren*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Matthew S. Neugeboren was admitted to the practice of law in the State of New York by the First Judicial Department on February 3, 2003 under the name Matthew Seth Neugeboren. At all times relevant to these proceedings, he maintained his principal place of business in New Jersey, where he was admitted.

The Departmental Disciplinary Committee now petitions this Court for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b), based on his 2015 conviction of the federal felonies of wire fraud (18 USC § 1343) and willfully subscribing a false tax return for tax year 2011 (26 USC § 7206 [1]). In the alternative, the Committee seeks an order determining that the conviction is for a "serious crime" within the meaning of Judiciary Law § 90 (4) (d), immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and for a sanctions hearing pursuant to Judiciary Law § 90 (4) (g).

Respondent did not report his conviction, as required by Judiciary Law § 90 (4) (c) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (f), and has not appeared in this proceeding.

Respondent's conviction stems from a scheme by which he embezzled approximately $2.6 million from his employer, a New Jersey home health care company. Between 2008 and 2012, respondent fraudulently obtained company funds that were purportedly to pay company expenses, deposited or wired them into his attorney trust account, then converted the funds for his personal benefit, including in support of his gambling addiction. He also knowingly failed to declare $630,000 in embezzled funds as gross income on his personal tax return for the 2011 tax year.

For purposes of Judiciary Law § 90 (4) (a), which authorizes automatic disbarment of any attorney upon conviction of a felony, the term "felony" is defined as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90 [4] [e]). The out-of-jurisdiction felony must be "essentially similar," but not necessarily identical to, an offense classified as a felony in New York (*see Matter of Margiotta*, 60 NY2d 147, 150 [1983]).

Although the federal felony of wire fraud has no direct felony analog under New York law (*see Matter of Klein*, 28 AD3d 102 [1st Dept 2006]; *Matter of Mercado*, 1 AD3d 54 [1st Dept 2003]), the necessary essential similarity may be established by admissions made under oath during a plea allocution, read in conjunction with the indictment (*see Matter of Adams*, 114 AD3d 1, 2-3 [1st Dept 2013]; *Matter of Lin*, 110 AD3d 186, 187 [1st Dept 2013]). Respondent's admissions during his plea allocution, to the effect that he knowingly and wilfully engaged in a scheme to defraud his employer by means of materially false and fraudulent pretenses, and wrongfully obtaining funds well in excess of $1,000, correspond to the elements of the New York felony of scheme to defraud in the first degree (*see* Penal Law § 190.65 [1] [b]). Therefore, respondent's conviction is a proper predicate for automatic disbarment pursuant to Judiciary Law § 90 (4) (b) (*see e.g. Matter of Starr*, 88 AD3d 145 [1st Dept 2011]; *Matter of Muraskin*, 302 AD2d 33 [1st Dept 2002]). We therefore need not address the alternative relief sought, namely whether respondent's conviction should be deemed a "serious crime."

Accordingly, petitioner's motion should be granted and respondent's name stricken from the roll of attorneys in the State of New York pursuant to Judiciary Law § 90 (4) (b), nunc pro tunc to the date of his conviction, May 26, 2015.

FRIEDMAN, J.P., SWEENY, SAXE, MANZANET-DANIELS and GISCHE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 26, 2015.