Matter of Browndorf (2025 NY Slip Op 04217)

Matter of Browndorf

2025 NY Slip Op 04217

Decided on July 17, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 17, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Troy K. Webber
Justice Presiding

Motion No. 2025-02166|Case No. 2024-02031|

[*1]In the Matter of Matthew C. Browndorf a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Matthew C. Browndorf (OCA Atty Reg. 4245080), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Matthew C. Browndorf, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on June 21, 2004.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Respondent, pro se.

In the Matter of Matthew C. Browndorf, a suspended attorney
 Per Curiam Respondent Matthew C. Browndorf was admitted to the practice of law in the State of New York by the First Judicial Department on June 21, 2004. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department, and this Court retains continuing jurisdiction over respondent as the judicial department in which he was admitted to practice (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
On July 13, 2023, in response to an 11-count indictment filed against him in the United States District Court for the Eastern District of Wisconsin, respondent pled guilty to the willful failure to collect or pay over tax, in violation of 26 USC § 7202. On November 30, 2023, respondent was sentenced to a prison term of 48 months, three years of supervised release, and restitution in the amount of $831,260.06. We thereafter granted the motion of the Attorney Grievance Committee (AGC) for an order determining that the crime of which respondent had been convicted was a "serious crime" within the meaning of Judiciary Law § 90(4)(d), and we immediately suspended respondent from the practice of law pursuant to 22 NYCRR 1240.12(b)(2) and Judiciary Law § 90(4)(f), and directed respondent, upon his release from prison, to show cause before a referee appointed by the Court why a final order of censure, suspension, or disbarment should not be made under 22 NYCRR 1240.12(c)(2) and Judiciary Law § 90(4)(g) (see Matter of Browndorf, 231 AD3d 28 [1st Dept 2024]).
In the meantime, however, on September 5, 2024, in response to an eight-count indictment filed against him in the United States District Court for the District of Maryland, respondent pled guilty to wire fraud and money laundering in violation of 18 USC § 1343 and 18 USC § 1957(a), respectively. On March 6, 2025, respondent was sentenced to two concurrent 66-month terms of imprisonment, three years of post-release supervision, and restitution in the amount of $1,351,795.64, a conviction that respondent did not report to the Committee as required by Judiciary Law § 90(4)(c) and 22 NYCRR 1240.12(a).
The AGC now moves for an order striking respondent's name from the roll of attorneys under Judiciary Law § 90(4)(b) and 22 NYCRR 1240.12(c)(1), on the ground that he has been convicted of a felony as defined by Judiciary Law § 90(4)(e), and has therefore been disbarred by operation of law.
Respondent has not answered [*2]the motion, despite the AGC's service of the motion to respondent at his place of incarceration by first class mail with tracking and by certified mail, return receipt requested, in accordance with this Court's April 2, 2025 order permitting substitute service pursuant to 22 NYCRR 1240.8(a).
An attorney licensed in this State who is convicted of a felony "shall upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such" (Judiciary Law § 90[4][a]). Automatic disbarment results where the conviction is of a felony as defined by any provision of New York State law, or of "any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state" (Judiciary Law § 90[4][e]).
Where the felony underlying the conviction is not one defined by New York law, the AGC need not establish strict identicality between the out-of-state felony and a New York felony, but it must demonstrate that the two possess "essential similarity" (Matter of Margiotta, 60 NY2d 147, 150 [1983]; see Matter of Conroy, 167 AD3d 44, 46 [1st Dept 2018]; Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]). If the elements of the two do not directly correspond to each other, "'essential similarity' may be established by admissions made under oath during a plea allocution, read in conjunction with the indictment or information" (Matter of Cobb, 209 AD3d 92, 94 [1st Dept 2022]).
Here, the Committee asserts that the federal felonies of which respondent has been convicted are "essentially similar" to the New York felonies of Penal Law § 190.65(1)(b) (scheme to defraud in the first degree) and Penal Law § 155.30(1) (grand larceny in the fourth degree), both class E felonies.
The New York felony of scheme to defraud in the first degree consists of "a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises," whereby the defendant "obtains property with a value in excess of one thousand dollars from one or more such persons" (Penal Law § 190.65[1][b]).
A defendant commits the New York felony of grand larceny in the fourth degree by stealing property having a value in excess of $1,000.00 (see Penal Law § 155.30[1]).
The federal felony of fraud by wire, radio, or television occurs when,
"having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, [the defendant] transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice" (18 USC § 1343).
A defendant commits the federal felony of "engaging [*3]in monetary transactions in property derived from specified unlawful activity" when he or she "knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity" (18 USC § 1957[a]).
The indictment, plea and stipulated facts collectively establish that, over a period of time, respondent removed and used the funds deposited in Interest on Lawyers' Trust Accounts maintained for the benefit of two clients of a law group owned by his holding company, to the advantage of himself and entities that he controlled, after having caused those clients to believe that the funds would be held for and remitted to them. Respondent caused employees of his entities to transfer such funds out of the accounts and into his personal accounts and accounts of other entities he controlled, and used the funds to, among other things, pay business expenses, pay personal credit card bills on behalf of himself and family members, make payments on his personal mortgage, and purchase thousands of dollars' worth of luxury goods for his own use. Numerous of these transfers were well in excess of the monetary threshold of 18 USC § 1957(a).
The AGC argues, and we agree, that this establishes that respondent knowingly and willfully engaged in a scheme to defraud by means of materially false and fraudulent pretenses, by which he wrongfully obtained funds in excess of $1,000.00, actions that correspond to Penal Law §§ 190.65(1)(b) and 155.30(1). The AGC has established, as we have previously found in other proceedings, that the federal felonies of which respondent has been convicted correspond to the elements of the New York felonies of scheme to defraud (see Matter of Cline, 230 AD3d 79, 81 [1st Dept 2024]; Matter of Goldfarb, 141 AD3d 90, 93-94 [1st Dept 2016]; Matter of Muraskin, 302 AD2d 33, 34-35 [1st Dept 2002]) and grand larceny (see Muraskin at 34).[FN1] Respondent's federal conviction therefore serves as an appropriate predicate for his automatic disbarment.
Accordingly, the AGC's motion should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to the date of his conviction (see Matter of Sterling, 205 AD3d 201, 204 [1st Dept 2022]), which occurred at the time of his plea on September 5, 2024 (see Matter of Conroy, 167 AD3d at 46; Matter of Ravelo, 163 AD3d 98, 102 [1st Dept 2018]).
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to Judiciary Law § 90(4)(b) and 22 NYCRR 1240.12(c)(1), disbarring respondent, Matthew C. Browndorf, is granted, and respondent is disbarred and his name stricken from the roll of attorneys in the State of New York, effective nunc pro tunc to September 5, 2024, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law[*4]§ 90, respondent, Matthew C. Browndorf, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, respondent, Matthew C. Browndorf, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Matthew C. Browndorf, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: July 17, 2025

Footnotes

Footnote 1: While Matter of Muraskin involved grand larceny in the second degree (Penal Law § 155.40), that crime differs from fourth degree grand larceny only in that the value of the property must exceed $50,000.00. The restitution award here demonstrates that respondent's conduct here is comparable to that in Matter of Muraskin, which therefore constitutes appropriate precedent supporting our decision herein.